[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/13/99
THOMAS  K. KAHN
CLERK

No. 97-4906

D. C. Docket No. 95-8519-CV-KLR

MARY WEAVER,

Plaintiff-Appellant,

versus

FLORIDA POWER & LIGHT COMPANY,
PAUL HEDERMAN,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(April 13, 1999)**

Before TJOFLAT and DUBINA, Circuit Judges, and SMITH*, Senior Circuit Judge.

---

*Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

TJOFLAT, Circuit Judge:

The district court in this case enjoined the plaintiff and anyone acting on her behalf from arbitrating certain claims, because the district court had already decided those claims (and entered final judgment) and the claims were therefore barred by the doctrines of res judicata and waiver. We hold that injunctive relief was improper because the defendant has an adequate remedy at law – namely, it can raise its defenses of res judicata and waiver before the arbitrators. Thus, the district court abused its discretion by entering the injunction.

I.

Mary Weaver was an employee of Florida Power & Light Company ("FPL"), and a member of the International Brotherhood of Electrical Workers ("IBEW"). In 1995, her employment was terminated. Weaver claimed that this termination was in violation of state and federal laws prohibiting sex and handicap discrimination. She also claimed that the termination violated various provisions of the collective bargaining agreement between the IBEW and FPL.

Weaver filed suit against FPL in a Florida circuit court based on her discrimination claims. FPL removed the suit to the United States District Court for the Southern District of Florida,[1] which dismissed certain claims and granted summary judgment for the defendant on the others. This court affirmed the district court's decision on appeal. See Weaver v. Florida Power & Light Co., 124 F.3d 221 (11th Cir. 1997).

_____

[1] Because Weaver's complaint was based in part on the federal Americans with Disabilities Act, the lawsuit raised a federal question, and removal pursuant to 28 U.S.C. § 1441 was therefore proper.

2

Prior to filing her lawsuit, Weaver submitted grievances to the IBEW in accordance with the dispute resolution procedures contained in the collective bargaining agreement.[2] At the time the district court rendered its judgment on Weaver's discrimination claims, her claims under the collective bargaining agreement were proceeding to arbitration (pursuant to the agreement). FPL moved the district court to enjoin the arbitration on the following grounds: (1) The arbitration would involve the same claims presented in Weaver's district court action, and therefore the district court's resolution of that action was res judicata as to the arbitration; and (2) Weaver waived her right to pursue her claims under the collective bargaining agreement when she filed the lawsuit against FPL. The district court, concluding that an injunction was necessary to protect the integrity of its judgment, enjoined Weaver and the IBEW from proceeding with the arbitration.[3] See Weaver v. Florida Power & Light Co., 966 F. Supp. 1157, 1162-63 (S.D. Fla. 1997). Weaver appeals.

## II.

As an initial matter, we must determine whether the district court had jurisdiction to enter the injunction. It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). In this case, the district court entered its injunction while Weaver's appeal of her discrimination claims was still pending. The general rule

---

[2] The grievances were based largely on the same events that gave rise to the lawsuit.

[3] The district court found its authority to enter the injunction in the All Writs Act, 28 U.S.C. § 1651(a) (1994). The injunction prevented Weaver "and anyone acting on her behalf" – presumably meaning the IBEW – from proceeding in the arbitration.

regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal. See Trustees of the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc., 935 F.2d 114, 119-20 (7th Cir. 1991); 16A Charles Alan Wright et al., Federal Practice and Procedure § 3949.1, at 39-40 (2d ed. 1996). The res judicata and waiver defenses on which FPL based its motion to enjoin arbitration were separate and distinct from the issues raised by the direct appeal;[4] consequently, we conclude that the district court had jurisdiction to hear the defendant's motion.

The district court, however, abused its discretion by enjoining the arbitration proceedings.[5] An injunction is an equitable remedy, available only when there is no adequate remedy at law. See Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1527 (11th Cir. 1994). We hold that FPL has an adequate remedy at law – it can raise the issues of res judicata and waiver in the arbitration proceeding and, if its arguments are valid, have the arbitration dismissed.[6]

---

[4] The direct appeal involved the merits of Weaver's claims of sex and handicap discrimination. The merits of her claims were completely unrelated to any issues involving the preclusive effect of the district court's decision.

[5] We review the grant of an injunction for an abuse of discretion. See CNA Fin. Corp. v. Brown, 162 F.3d 1334, 1337 (11th Cir. 1998).

[6] Weaver raised this argument in the district court by arguing that the "irreparable harm" required to issue an injunction was lacking: The alleged "harm" is relitigation of claims that should be barred, and an injunction is not needed to prevent that harm because FPL's defenses can be raised in arbitration. She did not, however, raise the argument in her appellate brief. We usually do not address issues not raised on appeal. See Arthur Pew Constr. Co., Inc., v. Lipscomb, 965 F.2d 1559, 1575 (11th Cir. 1992). Weaver's brief, however, makes an argument against the injunction based on the Norris-LaGuardia Act; the Norris-LaGuardia Act, in turn, is based on the principle that federal courts should not resolve issues that can be handled by arbitration. See Buffalo Forge Co. v. United Steelworkers of Am., 428 U.S. 397, 411-12, 96 S.Ct. 3141, 3149, 49 L.Ed.2d 1022 (1976). Consequently, Weaver has indirectly raised the issue of the adequacy of FPL's legal remedy; we therefore address the issue in this opinion.

If FPL were attempting to enjoin an action by Weaver (or her representative) in another court, the adequacy – indeed, the necessity – of the remedy at law would be clear. Res judicata and waiver are affirmative defenses, see Fed. R. Civ. P. 8(c), which, by definition, are raised for the purpose of avoiding claims made by another party. They are thus properly raised in a proceeding brought by another party, and not as independent grounds for relief.

The difficulty in this case arises because the proceeding to be enjoined is not a judicial proceeding but an arbitration. Remedies available through arbitration certainly are not remedies "at law" in the technical sense. We are compelled to treat such remedies as remedies at law, however, because of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (1994). The Act – by ensuring the enforceability of contractual arbitration provisions and subjecting the resulting arbitrations to only a very limited degree of judicial review – embodies a federal policy favoring arbitration. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). That policy rules out any "judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals," Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 627, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985), a competence that extends to deciding issues of waiver, res judicata, and other defenses that challenge whether a matter should be arbitrated at all. See Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25, 103 S.Ct. at 941. Consequently, we conclude that a remedy available through arbitration, if adequate, constitutes an adequate remedy at law such that equitable relief is

5

improper.[7] See Foxboro Co. v. Arabian Am. Oil Co., 805 F.2d 34, 37 (1st Cir. 1986); Merrill, Lynch, Pierce, Fenner & Smith, Inc., v. Thomson, 574 F. Supp. 1472, 1479 (E.D. Mo. 1983).

FPL contends that the remedy available through arbitration is not adequate, because pursuing such a remedy will force it to undergo expensive and time-consuming adversarial proceedings that could be avoided by the issuance of an injunction. We see no reason why proceedings before a district court would be more costly than proceedings before a board of arbitrators. FPL can make its arguments about res judicata before the arbitrators at the outset of the arbitration proceedings; if its arguments are correct,[8] the arbitrators (if they are competent – as we must assume that they are, see Mitsubishi Motors Corp., 473 U.S. at 627, 105 S.Ct. at 3354) will dismiss the arbitration.[9] Such an outcome would be no more costly – and probably less costly – than prosecuting a motion for injunctive relief in the district court.

III.

---

[7] This conclusion fits with the original purpose of the adequate remedy at law requirement. The rule developed as a way for courts of equity to respect the separate jurisdiction of courts of law. See Owen M. Fiss & Doug Rendleman, Injunctions 60-62 (1984). Today, of course, that problem has been eliminated by the merger of law and equity, see Fed. R. Civ. P. 2; the adequate remedy at law requirement lives on for other reasons. However, in much the same way as courts of law and equity were were separate, contemporary federal law recognizes judicial proceedings and arbitration proceedings as separate, but equally important, fora for adjudicating claims. See Mitsubishi Motors Corp., 473 U.S. at 628, 105 S.Ct. at 3354. The same principle that gave birth to the adequate remedy at law requirement therefore dictates that the judiciary not intervene when an adequate remedy is available through arbitration.

[8] We of course express no opinion as to the merits of the defendant's arguments.

[9] If, for some reason, the arbitrators were to ignore FPL's defenses, FPL would still have an adequate remedy at law, because under those circumstances a district court could vacate the arbitration award (or refuse to enforce it) based on the arbitrators' "manifest disregard" of the law. See Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1461 (11th Cir. 1997).

6

Having concluded that FPL has an adequate remedy at law, we must also conclude that the district court abused its discretion in granting its motion for injunctive relief.[10]  The district court's order granting the motion is therefore

REVERSED.

---

[10] We upheld an injunction of an arbitration on res judicata grounds in <u>Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 985 F.2d 1067, 1069 (11th Cir. 1993).  That opinion, however, addressed only the question whether the Federal Arbitration Act, of its own force, completely forbids a district court from enjoining an arbitration proceeding on res judicata grounds.  It did not address the question whether, in a given case, the requirement that the remedy at law be inadequate might prevent a district court from granting equitable relief.  Because the issue was not raised in <u>Kelly</u>, that opinion does not foreclose our holding in this case.