[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14883
Non-Argument Calendar

_____

D. C. Docket No. 06-60507-CV-UUB

TIM ALDRED,

Plaintiff-Appellant,

versus

AVIS RENT-A-CAR,
BROTHERHOOD OF TEAMSTERS,
LOCAL NO. 390/769,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 24, 2007)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Tim Aldred, a union member formerly employed by a car rental agency, appeals from the district court's decision to deny his motion to vacate or modify an arbitration decision and to grant summary judgment in favor of Avis Rent-A-Car ("Avis") and Teamsters Local No. 390/769 ("Union"). This dispute arose after Aldred complained unsuccessfully that certain work duties being imposed by his employer fell outside the scope of ones set forth in a collective bargaining agreement ("CBA"). Aldred's claims were originally heard by an arbitrator, which found against Aldred, and then rejected by the district court here.

The issues on appeal are whether the district court correctly found that the arbitration award should not be vacated or modified and whether the district court erred in granting summary judgment based on its finding that Avis did not breach the CBA and the Union did not breach its duty of fair representation.[1]

**I.**

In reviewing the denial of a motion to vacate an arbitration award, we review the district court's findings of fact for clear error and questions of law *de novo*. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000).

----

[1] As an initial matter, we conclude that appellate jurisdiction exists to review Aldred's claims. Even if the August 2006 order was not final because the Union had not previously moved for summary judgment, the decision had been announced and when the district court entered the second "final judgment" in November 2006, the earlier notice of appeal was rendered timely pursuant to Fed.R.App.P. 4(a)(2). We also conclude that Aldred is representing only himself on appeal because a litigant generally cannot appear *pro se* on behalf of others, and Aldred is the only "plaintiff" to have signed pleadings, motions, and the appellate brief.

Nevertheless, a court is generally required to defer to an arbitrator's findings of fact, but once those facts are found, the arbitrator may not ignore the plain language of the CBA and lacks unfettered discretion to impose a remedy contrary to its language. *Warrior & Gulf Navigation Co. v. United Steelworkers of America*, 996 F.2d 279, 280-81 (11th Cir. 1993). The party challenging the arbitration award bears the burden of "asserting sufficient grounds to vacate the award." *See Brown*, 211 F.3d at 1223. Because Aldred is proceeding *pro se*, we liberally construe his pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The purpose of the Federal Arbitration Act ("FAA"), enacted in 1925, was "to place agreements to arbitrate on the same footing as other contracts." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1312 (11th Cir. 2002). The FAA applies to "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract." 9 U.S.C. § 2. The Act ensures that arbitration provisions in contracts are enforced, and courts may conduct "only a very limited degree of judicial review" after the resulting arbitration. *Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 774 (11th Cir. 1999). "[T]here is no reason to assume at the outset that arbitrators will not follow the law; although judicial scrutiny of arbitration awards

necessarily is limited, such review is sufficient to ensure that arbitrators comply with the requirements of the statute." *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1460 (11th Cir. 1997) (quotations marks and citation omitted). Generally, an arbitration award may not be vacated based on errors of law or interpretation. *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1014 (11th Cir. 1998). This court's review of arbitration awards under the FAA is very limited and confirming awards is presumed. *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 778-79 (11th Cir. 1993).

Under the Act, four narrow statutory bases exist for vacating an arbitrator's award, including "where the award was procured by corruption, fraud, or undue means" and "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a) (2002); *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909-10 & n.2 (11th Cir. 2006). Three non-statutory grounds also exist for vacating an award: (1) if the award was arbitrary and capricious; (2) if enforcing the award contravenes public policy; or (3) "if the award was made in manifest disregard for the law." *B.L. Harbert Int'l, LLC*, 441 F.3d at 910 (internal citations omitted). An award is not arbitrary and capricious "unless no ground for the decision can be inferred from the facts." *Brown*, 211

4

F.3d at 1223. An arbitrator manifestly disregards the law if he was conscious of the law and deliberately ignored it; merely misinterpreting, misstating, or misapplying the law does not suffice. *B.L. Harbert Int'l, LLC*, 441 F.3d at 910.

Even if an arbitration award clearly contradicts an express term of the contract at issue and the arbitrator clearly erred, the award will not be set aside unless the "arbitration loser" establishes that the arbitrator recognized a clear rule of law and deliberately ignored it. *Id.* at 911-12.

"Neither this Court nor the Supreme Court has decided whether collective bargaining agreements are subject to the FAA." *Brisentine v. Stone & Webster Eng'g Corp.*, 117 F.3d 519, 525 (11th Cir. 1997) (holding that a mandatory arbitration clause does not preclude litigating a federal statutory claim). Nevertheless, federal courts have jurisdiction to review decisions of labor arbitrators, under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728 (2001). The LMRA applies to agreements between an employer and a labor organization. *Id.*

In *Osram Sylvania, Inc. v. Teamsters Local Union 528*, 87 F.3d 1261, 1263 (11th Cir. 1996), a case involving a CBA where the FAA was not discussed, we held that "[t]he proper standard in reviewing an arbitrator's decision is one of

5

considerable deference." We added that "review of a labor arbitration award is limited to a determination of whether an award is irrational, whether it fails to draw its essence from the collective bargaining agreement or whether it exceeds the scope of the arbitrator's authority." *Id.* (quotation marks omitted). Nevertheless, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* (quoting *United Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 371 (1987)) "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Garvey*, 532 U.S. at 509, 121 S. Ct. at 1728 (internal quotation marks and alteration omitted). Furthermore, public policy considerations may be grounds for vacating an award in rare cases. *Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, 861 F.2d 665, 670-71, 674 (11th Cir. 1988) (pilot operating passenger aircraft while intoxicated).

Aldred has not demonstrated that the arbitrator was corrupt or that the award was arbitrary or made in manifest disregard of the law. The arbitrator ruled in favor of Avis and the Union after finding that the plain language of the CBA precluded any other result because Avis had the right to assign a range of duties to

courtesy bus drivers.

We find it is unnecessary to decide whether the FAA applies here because Aldred cannot prevail in either case. If the FAA applies, Aldred has not met his burden of establishing sufficient grounds to vacate the award. *See B.L. Harbert Int'l, LLC*, 441 F.3d at 909-10; *Brown*, 211 F.3d at 1223. If the FAA does not apply, Aldred also has not shown that the arbitrator "dispense[d] his own brand of industrial justice" or rendered an irrational award. *Garvey*, 532 U.S. at 509, 121 S. Ct. at 1728; *Osram Sylvania, Inc.*, 87 F.3d at 1263. Accordingly, we affirm the district court's refusal to vacate or modify the arbitrator's award in this respect.

## II.

We review a district court's grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the non-moving party. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Madray v. Publix Supermarkets, Inc.*, 208 F.3d 1290, 1296 (11th Cir. 2000) (quotation marks omitted). "The sufficiency of a hybrid Section 301 plaintiff's [duty of fair representation] allegations is a question of law that is also reviewed *de*

7

*novo*." *Bianchi v. Roadway Express, Inc.*, 441 F.3d 1278, 1282 (11th Cir.), *cert. denied*, 127 S. Ct. 397 (2006).

"It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 163, 103 S. Ct. 2281, 2290, 76 L. Ed. 2d 476 (1983). Nevertheless, an employee is typically required to exhaust any grievance or arbitration remedies first. *Id.* at 163, 103 S. Ct. at 2290. "Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement." *Id.* at 164, 103 S.Ct. at 2290.

A labor union has a statutory duty of fair representation "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S. Ct. 903, 910 (1967). Thus, a union breaches its duty of fair representation only if its actions toward a member are "arbitrary, discriminatory, or in bad faith." *Id.* at 190, 87 S. Ct. at 916. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67, 111 S. Ct. 1127, 1130 (1991) (internal citation omitted). Nevertheless,

8

"[a] union's broad discretion in prosecuting grievance complaints includes not only the right to settle the dispute short of arbitration but also to refuse to initiate the first steps in the appeal procedure when it believes the grievance to be without merit." *See Turner v. Air Transport Dispatchers' Ass'n*, 468 F.2d 297, 300 (5th Cir. 1972). If the union representing the employee "acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation," an employee may sue both the employer and the union, regardless of the outcome or finality of the grievance or arbitration proceeding. *DelCostello*, 462 U.S. at 164, 103 S. Ct. at 2290.

Such a suit consists of two causes of action. *Id.* "The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." *Id.* This type of interdependent lawsuit, which consists of two causes of action, is known as a "hybrid § 301/fair representation claim."[2] *Id.* at 165, 103 S. Ct. at 2291. To prevail, a plaintiff must demonstrate both that the CBA was breached and that the union breached its duty of fair representation.

---

[2] A straightforward Section 301 claim occurs where a union sues an employer for breach of a CBA. *United Paperworks Int'l, Local # 395 v. ITT Rayonier, Inc.*, 931 F.2d 832, 834 n.7 (11th Cir. 1991).

*DelCostello*, 462 U.S. at 165, 103 S. Ct. at 2291.

In the present case, the plain language of the CBA refutes Aldred's claims that the sole duty that could be assigned to courtesy bus drivers was to drive courtesy buses. Accordingly, we conclude that Aldred has not demonstrated that the CBA was breached, and he cannot prevail on his hybrid claim. *See DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291. Even assuming, *arguendo*, that Aldred demonstrated that Avis violated the CBA, we conclude that he has failed to establish that the Union's decision not to prosecute his grievance was so far outside a "wide range of reasonableness" as to be irrational. *See O'Neill*, 499 U.S. at 67, 111 S. Ct. at 1130.

For the above-stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**