[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 17-10536; 17-11341; 17-11936
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-02276-LMM,
1:16-cv-01232-ODE,
Bkcy No. 14-bkc-72501-PWB

In re: FRANCES EDITH JACKSON,

                                                                                    Debtor.

_____

MATTHEW E. JACKSON, JR.,
VELMA L. JACKSON,

                                                                    Plaintiffs-Appellants,

versus

FRANCES EDITH JACKSON,

                                                                    Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(April 16, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Matthew and Velma Jackson, Pennsylvania attorneys proceeding pro se, challenge several orders arising from the adversary proceeding they filed against Frances Jackson, the debtor in the underlying Chapter 7 bankruptcy case.[1]  After careful review, we affirm.

I.

The parties here are siblings, and their dispute stems from the transfer of Pennsylvania real property (the "Property") from their late mother to Frances, the eldest sibling, before their mother's death.  Several years after their mother died, Matthew and Velma sued Frances in the Western District of Pennsylvania, alleging that Frances had promised that after their mother died, she would transfer the Property equally to herself, Matthew, Velma, and two additional siblings.  Jackson v. Jackson, No. 2:13-cv-00746 (W.D. Pa. June 3, 2013) ("Jackson I").  Among other things, Matthew and Velma asked the court to impose a constructive trust on the Property.  The district court granted Matthew and Velma partial relief, ordering that a constructive trust be imposed.  Matthew and Velma appealed to the Third Circuit.  Before those proceedings were final, Frances filed a Chapter 7 bankruptcy petition.

In her bankruptcy disclosures, Frances made several statements about the Property and the Jackson I proceedings.  In particular, she listed the Property as an

---

[1] Because the parties share a last name, we will use their first names.

asset but noted that the Jackson I decision, which was on appeal, had ordered that a constructive trust be set up that would make Frances only a 1/5 owner, with an accounting of expenses still yet to be determined.  Matthew and Velma then filed the present adversary complaint against Frances in the bankruptcy court, alleging that her statements were materially false.  They asked that the bankruptcy court (1) find Frances had no interest in the Property; (2) deny Frances a bankruptcy discharge; and (3) conclude that any debt to them was non-dischargeable.

Frances moved to dismiss the adversary proceeding, which the bankruptcy court converted to a motion for summary judgment.  Following a hearing on the motion, Matthew and Velma filed a motion for abstention and remand, arguing that the bankruptcy court should abstain under either the mandatory or discretionary provisions of 28 U.S.C. § 1334(c) because the proceeding concerned state law claims and involved Pennsylvania property.  They also requested that the court remand the matter to the Third Circuit.  In addition, Matthew and Velma moved to disqualify the bankruptcy judge, arguing that he was prejudiced against them.  They also filed a cross-motion for summary judgment on their adversary claims.

The bankruptcy court denied Matthew and Velma's motions for abstention and remand, disqualification, and summary judgment, and granted Frances's motion for summary judgment.  The court described a "fundamental problem" with Matthew and Velma's adversary complaint: "that it [did] not seek relief against the

3

Chapter 7 Trustee," and in any event, the Trustee had abandoned Frances's interest in the Property. The court said Matthew and Velma should have instead filed a motion for relief from the automatic stay of their case in the district court, but they had not done so. The court noted it was retaining jurisdiction to decide the remaining motions for sanctions and fees. After holding an evidentiary hearing, the court granted Frances's request for sanctions and ordered Matthew and Velma to pay Frances's attorney's fees and expenses.

Matthew and Velma appealed the bankruptcy court's rulings to the district court. They also sought a writ of mandamus to prevent the bankruptcy court from proceeding with Frances's motion for sanctions. In the end, the district court (1) affirmed the decisions of the bankruptcy court, (2) denied mandamus relief, and (3) granted Frances's motion for sanctions under Federal Rule of Civil Procedure 11 in the appeal of the bankruptcy court's summary judgment order. The district court later granted in part Frances's motion for attorney's fees and expenses relating to the appeal. Matthew and Velma then appealed to this Court.

On appeal, Matthew and Velma challenge, among other things: (1) the bankruptcy court's denial of their motion for abstention and remand; (2) the bankruptcy court's grant of summary judgment in favor of Frances on their adversary claims and denial of their cross-motion for summary judgment; and (3) the bankruptcy court's grant of sanctions under Federal Rule of Bankruptcy

4

Procedure 9011, and the district court's grant of sanctions under Federal Rule of Civil Procedure 11.  We will address each argument in turn.

II.

We review issues of subject matter jurisdiction de novo.  Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).  We also review the existence of our own appellate jurisdiction sua sponte and de novo.  United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009).  "As the second court to review the judgment of the bankruptcy court, we review the order of the bankruptcy court independently of the district court."  Senior Transeastern Lenders v. Official Comm. of Unsecured Creditors (In re TOUSA, Inc.), 680 F.3d 1298, 1310 (11th Cir. 2012).

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under [the bankruptcy code], or arising in or related to cases under [that code]."  28 U.S.C. § 1334(b).  District courts, in turn, have the authority to refer bankruptcy cases before them to bankruptcy judges.  Id. § 157(a).  Bankruptcy judges may hear "all core proceedings arising under [the bankruptcy code]," including determinations and objections as to the dischargeability of particular debts.  Id. § 157(b)(1), (b)(2)(I)–(J).

Two provisions describe circumstances under which a bankruptcy court must or may abstain from exercising jurisdiction.  The mandatory abstention provision provides that a bankruptcy court must abstain from hearing a state law

5

claim if: (1) the claim has no independent basis for federal jurisdiction other than § 1334; (2) the claim is related to, but does not arise under or in, a bankruptcy case; and (3) an action has been commenced and can be timely adjudicated in state court. Id. § 1334(c)(2). The discretionary abstention provision provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Id. § 1334(c)(1). Any decision to abstain or not to abstain, other than the denial of mandatory abstention, is not reviewable by the court of appeals. Id. § 1334(d); see also Christo v. Padgett, 223 F.3d 1324, 1331–32 (11th Cir. 2000).

Matthew and Velma argue that the bankruptcy court erred in denying their motion for abstention. They say the bankruptcy court should have abstained under the mandatory abstention provision, 28 U.S.C. § 1334(c)(2), or in the alternative, under the discretionary abstention provision, 28 U.S.C. § 1334(c)(1). Frances responds that by filing an adversary case in bankruptcy court, Matthew and Velma subjected themselves to bankruptcy court jurisdiction.

The bankruptcy court did not err in refusing to abstain from this adversary proceeding. The only relief Matthew and Velma expressly requested in their adversary complaint related to the dischargeability of Frances's debts based on allegedly fraudulent statements in her disclosures. That made their claim a core

proceeding under the bankruptcy code, which the bankruptcy judge had the jurisdiction to decide.[2]  See 28 U.S.C. §§ 157(a), (b)(2)(I)–(J), 1334(b). Abstention was also not mandatory because the claims expressly arose under the bankruptcy code and were not simply "related" to Frances's bankruptcy proceedings.  See id. § 1334(c)(2).  As to discretionary abstention, the bankruptcy judge's decision on that issue is not reviewable on appeal.[3]  Id. § 1334(d).

For these reasons, the bankruptcy court had original jurisdiction to hear Matthew and Velma's adversary complaint, and reversal of its refusal to abstain is unwarranted.  We also dismiss this appeal for lack of jurisdiction to the extent it challenges the bankruptcy court's refusal to abstain under the discretionary abstention provision.

## III.

We review the grant of summary judgment de novo.  Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263 (11th Cir. 2010).  "We will affirm if, after

---

[2] Matthew and Velma also argue that the bankruptcy court lacked jurisdiction to rule on the issue of abstention and should have instead referred that issue to the district court.  This is incorrect because their case was a core proceeding that the bankruptcy court had the power to decide.  See 28 U.S.C. § 157(b).

[3] Matthew and Velma also argue that the bankruptcy court erred in not "remanding" their claim.  While courts can remand a state court proceeding that was removed to federal court because it related to bankruptcy, 28 U.S.C. § 1452(a), Matthew and Velma filed their action in federal court, not state court.  As a result, the bankruptcy court had no power to remand.  In addition, an order granting or denying a remand in a bankruptcy-related case "is not reviewable by appeal or otherwise."  Id. § 1452(b); see also Ariail Drug Co. v. Recomm Int'l Display, Inc., 122 F.3d 930, 934 (11th Cir. 1997).  We therefore dismiss this appeal for lack of jurisdiction to the extent it challenges the bankruptcy court's refusal to remand.

construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Id. at 1263–64. A non-moving party cannot survive a motion for summary judgment by presenting "a mere scintilla of evidence." Brooks v. Cty. Comm'n of Jefferson Cty., 446 F.3d 1160, 1162 (11th Cir. 2006) (quotation omitted). Instead, the non-movant must present evidence from which a reasonable jury could find in its favor. Id.

An individual debtor's pre-bankruptcy debts are generally dischargeable in a Chapter 7 bankruptcy case. 11 U.S.C. § 727(a), (b). The bankruptcy code allows a court to prevent a discharge, however, where the debtor "knowingly and fraudulently, in or in connection with the case [] made a false oath or account." Id. § 727(a)(4)(A). To justify denial of discharge, the false oath must also be material. Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991) (per curiam). "A knowing and fraudulent omission from a sworn Statement of Affairs or schedule may constitute a false oath." Chalik v. Moorefield (In re Chalik), 748 F.2d 616, 618 n.3 (11th Cir. 1984) (per curiam).

In addition, the bankruptcy code allows a creditor to object to the discharge of a particular debt "for fraud . . . while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). The term "fiduciary" in § 523(a)(4) "is not to be construed expansively, but instead is intended to refer to 'technical' trusts." Quaif v.

8

Johnson, 4 F.3d 950, 953 (11th Cir. 1993) (per curiam).  Traditionally, constructive trusts have not qualified as "technical trusts."  See id.

Matthew and Velma raised two claims in their adversary proceeding: (1) that the bankruptcy court should deny Frances a bankruptcy discharge because she included false and misleading information on her bankruptcy petition; and (2) that the bankruptcy court should deny Frances any discharge relating to the Property because she committed fraud while "in a fiduciary capacity."  On appeal, they argue that summary judgment was inappropriate because a genuine dispute of fact exists as to whether Frances's disclosures about the Property were fraudulent and made while Frances was in a fiduciary capacity.[4]

The bankruptcy court did not err in granting summary judgment for Frances. First, there is no evidence that Frances provided false and fraudulent information in her bankruptcy disclosures about the Property.  Frances's statements appeared to be an accurate account of the Property and the Jackson I proceedings.  But even assuming her statements were incorrect, Matthew and Velma provided no evidence that Frances intentionally misrepresented the Jackson I proceedings or her ownership in the Property.  Instead, Frances's disclosures appropriately put creditors on notice of the potential right her bankruptcy estate had in the Property.

---

[4] Matthew and Velma also argue that the bankruptcy court erred in converting Frances's motion to dismiss into a motion for summary judgment.  The court provided Matthew and Velma notice and an opportunity to respond.  This was not error.

Second, Matthew and Velma's argument that Frances had acted in a "fiduciary capacity" had no merit. Frances was not a "fiduciary" within the meaning § 523(a)(4), because that rule refers only to "technical," not constructive, trusts. 11 U.S.C. § 523(a)(4); Quaif, 4 F.3d at 953. In sum, the bankruptcy court properly granted Frances's motion for summary judgment and denied Matthew and Velma's cross-motions for summary judgment.[5]

## III.

We review the imposition of sanctions, both in the bankruptcy court and the district court, for abuse of discretion. In re Walker, 532 F.3d 1304, 1308 (11th Cir. 2008) (per curiam); Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (per curiam). The abuse of discretion standard allows for a "range of choice" by the lower court, so long as that choice does not constitute a clear error of judgment. In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994).

By filing "a petition, pleading, written motion, or other paper" with the bankruptcy court, a pro se litigant certifies "that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing "is not being presented for any improper purpose"; the

---

[5] We decline to consider Matthew and Velma's argument that the Property was not part of Frances's bankruptcy estate. Because the Chapter 7 Trustee abandoned the Property and Frances claimed no exemption in it, the question had no impact on her bankruptcy case. See 11 U.S.C. § 541(a)(1). We also note that Matthew and Velma assert in their reply brief that the bankruptcy court should have allowed them to conduct discovery on this issue. Arguments raised for the first time in a reply brief, however, are deemed waived. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 682–83 (11th Cir. 2014).

claims raised are "warranted by existing law or by a nonfrivolous argument" for its extension; and its "allegations and other factual contentions have evidentiary support." Fed. R. Bankr. P. 9011(b)(1)–(3). "If, after notice and a reasonable opportunity" to correct the challenged action, "the court determines that [Rule 9011(b)] has been violated, the court may . . . impose an appropriate sanction upon" the parties that have violated these rules. Fed. R. Bankr. P. 9011(c); see In re Mroz, 65 F.3d 1567, 1572 (11th Cir. 1995). When a court orders sanctions, it must describe the basis for such sanctions and the conduct that warranted them. Fed. R. Bankr. P. 9011(c)(3).

"A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Walker, 532 F.3d at 1309 (quotation omitted). The court must afford the sanctioned party due process both in determining that the requisite bad faith exists and in imposing sanctions, and give that party an opportunity to respond to the sanctions and justify his actions. Mroz, 65 F.3d at 1575–76. Sanctions under Rule 9011 should be limited to "what is sufficient to deter repetition of" the challenged conduct. Fed. R. Bankr. P. 9011(c)(2). Appropriate sanctions include directing a party to

11

reimburse a movant of "all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Id.

Similarly, sanctions may be imposed under Rule 11 on any party as the court deems appropriate. Fed. R. Civ. P. 11(c). Rule 11 sanctions are appropriate when a party files a pleading that: (1) "has no reasonable factual basis"; (2) "is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or (3) is "in bad faith for an improper purpose." Massengale, 267 F.3d at 1301. When the district court orders sanctions, it must describe the conduct it determined warranted sanctions. Fed. R. Civ. P. 11(c)(6). Rule 11 sanctions in the form of attorney's fees and expenses can be imposed by motion in the district court so long as the movant first gives the non-movant 21 days to correct the challenged action. Fed. R. Civ. P. 11(c)(2).

The bankruptcy court did not abuse its discretion in imposing sanctions in the form of attorney's fees and expenses under Rule 9011.[6] In the adversary proceeding, Frances served two motions for Rule 9011 sanctions on Matthew and

---

[6] Matthew and Velma also argue that the bankruptcy court lacked jurisdiction to award sanctions once it had ruled on the merits of their claims, and that the district court erred in not granting their petition for writ of mandamus based on this purported lack of jurisdiction. But questions of sanctions and attorney's fees are "collateral matters" that a court may resolve even after certifying issues on the merits for appeal. See Weaver v. Florida Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999); see also DeLauro v. Porto (In re Porto), 645 F.3d 1294, 1299 (11th Cir. 2011). They also argue that the bankruptcy judge should have recused himself. The bankruptcy judge did not err in deciding not to recuse himself.

12

Velma, and she gave them 21 days to withdraw the adversary proceeding prior to filing each of the motions. Matthew and Velma were also put on notice that sanctions would potentially be assessed, as: (1) Frances sought them in her motion to dismiss and answer in the adversary proceeding; (2) the bankruptcy court warned them, at a July 2015 hearing, that their adversary complaint was potentially sanctionable; and (3) the bankruptcy court scheduled and held a hearing on the motions for sanctions. The bankruptcy court therefore followed appropriate procedures in choosing to award sanctions.

The bankruptcy court also detailed the basis for sanctioning Matthew and Velma at its sanctions hearing. It addressed the nature of their claims, and why they had no basis in law or fact—because there was no evidence that Frances fraudulently described the Pennsylvania proceedings in her bankruptcy filings. The court noted that Matthew and Velma declined to seek relief from the automatic stay and continued to prosecute the adversary claims despite its warning that they were frivolous. It also concluded that Matthew and Velma's most likely goal was to convince it to rule that the Jackson I order did not include Frances as a beneficiary of the constructive trust, because they were concerned that the Pennsylvania court would ultimately order that she was. Based on all of this, the bankruptcy court adequately explained the basis for sanctions, and nothing in the

13

record suggests that its decision was outside of the range of reasonable choices. Fed. R. Bankr. P. 9011(c)(3); Mroz, 65 F.3d at 1572–73.

Similarly, the district court did not abuse its discretion in imposing sanctions under Rule 11. The district court addressed the adversary proceeding claims in detail and determined that Matthew and Velma's appeal of their adversary claims was frivolous, for many of the same reasons as those articulated by the bankruptcy court. Frances's motion for sanctions complied with the notice and "safe harbor" 21-day requirement, and Matthew and Velma specifically indicated that they had received it. Nothing in the record suggests that the district court's order for sanctions against Matthew and Velma outside range of reasonable choices. Rasbury, 24 F.3d at 168.

This record reveals no error by the district court or the bankruptcy court in making any of the challenged decisions. To the extent Matthew and Velma challenge the bankruptcy court's refusal to remand or abstain under the discretionary provision, this appeal is dismissed. In all other respects, the decisions of the bankruptcy court and district court are affirmed.

**AFFIRMED IN PART, DISMISSED IN PART.**