[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10441
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 1:06-cv-20418-WJZ

LORING N. SPOLTER,

Interested Party-
Appellant,

versus

SUNTRUST BANK,
a Georgia Company,

Defendant-Appellee.
_____

No. 10-10445
_____

D.C. Docket No. 0:08-cv-60565-WJZ

LORING N. SPOLTER

Interested Party-
Appellant,

versus

JP MORGAN CHASE & CO.
a foreign profit corporation,

Defendant-Appellee.

_____

No. 10-10446

_____

D.C. Docket No. 9:06-cv-80334-WJZ

LORING N. SPOLTER

Interested Party-
Appellant,

versus

TOYS "R" US - Delaware, Inc.
a Delaware corporation,

Defendant-Appellee.

_____

No. 10-10449

_____

D.C. Docket No. 0:09-cv-60259-WJZ

LORING N. SPOLTER

Interested Party-
Appellant,

versus

D & B TILE OF HIALEAH, INC.,
a Florida Corporation,

Defendant-Appellee.

2

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(November 16, 2010)

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

Loring N. Spolter appeals the district court's order issuing sanctions against him pursuant to Fed. R. Civ. P. 11 (Rule 11), 28 U.S.C. § 1927, and the court's inherent powers.[1] Spolter contends the district court abused its discretion when it imposed monetary and non-monetary sanctions[2] in response to his filing of multiple, successive motions for reconsideration and recusal. Specifically, he claims that the motions were within the bounds of the law, and further that the questioning of the impartiality of a district court judge does not render the motions improper. After review, we affirm the district court's order.[3]

_____

[1]This appeal originates from a consolidation of four cases, three motions for sanctions, and the district court's own imposition of sanctions.

[2]Spolter was ordered to pay attorneys' fees and costs in the amount of $99,124.40 and a total fine of $10,000. The order also included suspension from practice in the United States District Court for the Southern District of Florida for a period of 42 months and a referral to the Florida Bar.

[3]We review a court's decision to order sanctions under Rule 11, 28 U.S.C. § 1927, and the court's inherent power for an abuse of discretion. *See, e.g., In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006); *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005).

A review of the record, including the 68-page district court order, shows Spolter has been intensely persistent in seeking the recusal of Judge Zloch because of a perceived bias he believes the judge has against him. It is clear from the record that Spolter has repeatedly attempted to create the appearance of impropriety to further his requests for the recusal and reassignment of cases by Judge Zloch. Spolter has repeatedly attacked Judge Zloch's faith and political affiliations, and has also called into question the credentials of some of his former law clerks. Spolter has further impugned the dignity of the court by alleging that both Judge Zloch and the Clerk's Office have manipulated the case assignment system of the entire Southern District of Florida for the sole purpose of ensuring Judge Zloch receives a disproportionate number of Spolter's cases. However, Spolter has failed to provide even a mere scintilla of evidence supporting his claims of misconduct against Judge Zloch or the Clerk's office.

"When a district court cites multiple sources of authority for issuing sanctions, [our] basic task in reviewing the sanctions is to determine whether the sanctions were permissible under at least one of those sources of authority." *Amlong & Amlong P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007). "If any one of the sources of authority invoked by the district court provides a

sound basis for the sanctions, we must affirm the sanctions order." *See id.* at 1239.

> Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."

*Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995). Further, "[i]n filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (quotations omitted). "This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware they were frivolous." *Id.* "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith or for an improper purpose." *Id.*

5

28 U.S.C. § 1927 provides "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "We have consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously'[4] within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *See Amlong*, 500 F.3d at 1239. "[F]or purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.* Three essential requirements must be satisfied with respect to an award of sanctions under § 1927:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear financial nexus to the excess proceedings, *i.e.* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Peterson v. BMI Refractories, Inc.*, 124 F.3d 1386, 1396 (11th Cir. 1997). Furthermore, "[i]n order for § 1927 to be applicable, there must be a causal

---

[4]"The term 'unreasonably' necessarily connotes that the district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." *Amlong*, 500 F.3d at 1239-40.

connection between the objectionable conduct of counsel and multiplication of the proceedings. . . . objectionable conduct-- even 'unreasonable and vexatious' conduct-- is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Id.*

Federal courts have the inherent power to impose sanctions on parties and lawyers. *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). To impose sanctions under the court's inherent power, the court must find bad faith. *See id.* (explaining "a finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."). Further, the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991).

We conclude the district court did not abuse its discretion when it: (1) imposed attorney's fees against Spolter and his firm for the fees and costs of the Appellees, the Clerk of Court, and the Assistant United States Attorneys; and (2) fined Spolter for a total amount of $10,000 pursuant to Rule 11. Spolter's conduct in filing multiple recusal and reconsideration motions without providing a good faith basis supports the district court's imposition of sanctions. Even though Spolter claims he had a good faith belief the case assignment system operated on a

blind random basis before filing his motion for reconsideration, his claims are unpersuasive. The record shows he was notified by a letter from the court explaining how the case assignment system operates in the Southern District of Florida. If Spolter reviewed the case assignment rules cited in this letter, he would have known the Southern District of Florida does not operate on a pure blind, random basis. Instead, Spolter enlisted the services of an expert five days after receiving notification from the court, and provided him with inaccurate information in an attempt to try and prove the case assignment system had been manipulated and that Judge Zloch was behind it. Further, Spolter even admits that prior to filing his motion for reconsideration, he should have investigated the Court's internal operating procedure and that he mistakenly directed the expert to assume facts that he knew were not true. Although Spolter claims he made a good faith mistake, we believe Spolter's actions were done in bad faith and for an improper purpose. *See Jones*, 49 F.3d at 694. Accordingly, we hold the district court did not abuse its discretion when it imposed sanctions against Spolter pursuant to Rule 11.

Next, we conclude the district court did not abuse its discretion when it imposed attorneys fees and costs against Spolter pursuant to 28 U.S.C. § 1927. Despite his contention to the contrary, the record is clear that Spolter has filed

8

numerous motions in bad faith and for an improper purpose. Further, the filing of these motions "multiplied the proceedings" both unreasonably and vexatiously based on the objective conduct of Spolter. *See Amlong*, 500 F.3d at 1239. Although Spolter argues the motions filed were made in subjective good faith, based on the information then known to him, the totality of the circumstances supports a finding of objective unreasonableness.

Lastly, for the same reasons the district court determined Spolter's actions to be sanctionable under Rule 11 and § 1927, we conclude the district court did not abuse its discretion when it (1) referred Spolter to the Florida Bar; (2) assessed attorney's fees and costs against Spolter and his firm; (3) fined Spolter and his firm $10,000; and (4) suspended Spolter from practice in the United States District Court for the Southern District of Florida for a period of 42 months pursuant to its inherent powers. Accordingly, we affirm the district court's order.

**AFFIRMED.**