[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10599
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00546-WKW,
BKCY No. 2:11-mp-00301-WRS

In Re: DARRYL A. PARKER,

Debtor,

_____

DARRYL A. PARKER,

Plaintiff-Appellant,

versus

TERESA R. JACOBS,
U.S. Bankruptcy Administrator,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____
(August 9, 2012)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Darryl A. Parker, an attorney licensed to practice law in Alabama who represented debtors in bankruptcy proceedings, appeals pro se the district court's decision to affirm the bankruptcy court's order permanently disbarring him from practice in the bankruptcy court of Alabama's Middle District. On appeal, Parker argues that the bankruptcy court abused its discretion by disbarring him. After careful review, we affirm.

On February 17, 2011, Teresa Jacobs, the bankruptcy administrator for the Middle District of Alabama, moved for the bankruptcy court to impose sanctions on Parker. Jacobs alleged that, over the course of several cases, Parker committed numerous violations of Federal Rule of Bankruptcy Procedure 9011(b) and U.S.C. § 526(a)(5). In particular, Jacobs alleged that Parker filed six Chapter 7 petitions in which he made false statements pertaining to the debtor's county of residence. She also pointed the court to twenty-eight cases in which Parker failed to pay the filing fee for his client's case in a timely fashion, though in many of those cases the client had paid Parker for that fee. Last, she alleged that Parker's performance in his own Chapter 7 proceeding included false statements and incomplete disclosures. These infractions were, according to Jacobs, "indicative of a lack of the requisite diligence, knowledge and skill necessary for Parker to competently

2

represent clients in bankruptcy." See Ala. Rules of Prof'l Conduct, Rule 1.1. As a result, she sought "appropriate sanctions . . . sufficient to deter repetition and continuation of such conduct."

The bankruptcy judge scheduled a hearing for April 7, 2011. Though Parker was provided notice of this hearing by email and first-class mail, he did not file a response to the motion for sanctions, failed to appear for the hearing, and failed to notify the bankruptcy judge prior to the hearing that he would be absent. After reviewing the voluminous evidence, the bankruptcy judge decided to disbar Parker from practicing in bankruptcy court. In his written order, the bankruptcy judge explained in detail how Parker "ha[d] made a practice of misappropriating client funds and intentionally making false statements in his own and his clients' bankruptcy petitions." These "violations of attorney ethics," the bankruptcy judge concluded, were "so widespread" that "the only appropriate sanction [was] disbarment."

On April 14, 2011, Parker filed a motion to vacate the order of disbarment, due to the fact that he was suffering flu-like symptoms on the day of his sanctions hearing. The bankruptcy judge held a hearing on Parker's motion to vacate on June 1, 2011. Though he argued that disbarment was too extreme a sanction, Parker did not otherwise challenge the findings or substance of the disbarment

3

order.  The following day, the court denied Parker's motion to vacate on the ground that Parker's conduct, beyond displaying questionable competency, also demonstrated a troubling track record of intentional misconduct.  The district court in the Middle District of Alabama affirmed the bankruptcy court's decision, and Parker now appeals from that decision.

According to Parker, his absence from the scheduled sanctions hearing did not justify his disbarment.  Parker asserts that, as a result of that error, the bankruptcy court's decision relied on insufficient and "patently false" evidence to reach its conclusion.

We review the bankruptcy court's imposition of sanctions for abuse of discretion, looking at its legal conclusions <u>de novo</u> and its findings of fact only for clear error.  <u>See</u> <u>In re Walker</u>, 532 F.3d 1304, 1308 (11th Cir. 2008).

The bankruptcy judge had authority to impose sanctions on Parker for violations of the court's procedural rules as well as for professional misconduct. <u>See</u> F. R. Bankr. P. 9011(c) (permitting sanctions for a violation of Rule 9011(b)); 11 U.S.C. § 526(c)(5)(B) (permitting a civil penalty for violation of § 526(a)(2)); <u>see also</u> <u>In re Evergreen Sec., Ltd.</u>, 570 F.3d 1257, 1263 (11th Cir. 2009) ("Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients.").  That authority included the

4

authority to disbar Parker.  See M.D.  Ala. Loc. Bankr. R. 2090-1(a)

(incorporating by reference Middle District of Alabama Local Rule 83.1(g), which

allows for disbarment due to attorney misconduct); see also In re Snyder, 472 U.S.

634, 643, 105 S. Ct. 2874, 2880 (1995) ("Courts have long recognized an inherent

authority to suspend or disbar lawyers.  This inherent power derives from the

lawyer's role as an officer of the court which granted admission." (citations

omitted)).

Though Parker protests that he was absent from the sanctions hearing,

Parker does not raise a due process claim.  Nor could he, since he does not dispute

that he was given adequate notice of the hearing and he was also given the chance

to present his case before the court on his motion to vacate the order.

While he now raises objections to the bankruptcy court's findings of fact,

Parker did not raise those objections at the motion to vacate hearing.  Instead, he

urged that court to reconsider its disbarment sanction on the ground that it was too

harsh.  As a result, Parker has waived his arguments concerning the adequacy and

accuracy of the bankruptcy court's findings of fact.  See Norelus v. Denny's, Inc.,

628 F.3d 1270, 1296 (11th Cir. 2010) (stating that "issues and theories that were

never presented" below "should not be considered on appeal").

Even if Parker had not waived those arguments, the district court explained

well why those arguments lack merit.  The evidence clearly shows that Parker: consistently failed to appear at or habitually came late and unprepared to scheduled hearings; failed to pay filing fees on numerous occasions; made a practice of misappropriating clients' funds; intentionally filed false or incomplete information in the court; and concealed assets and mismanaged trust funds.

Though we recognize that the power to disbar "is one that ought always to be exercised with great caution," Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1562 (11th Cir. 1997) (quotation marks omitted), Parker has not demonstrated that the bankruptcy court abused its discretion in exercising that power with respect to him.  To the contrary, our review reveals that the bankruptcy court did not err in law and its findings are amply supported by the record.  For these reasons, we affirm the district court's judgment.

**AFFIRMED.**