[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14096
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00100-WTM-GRS


WILLIE G. SMITH,

Plaintiff-Appellant,

versus

PHILLIPS WINTERS
APARTMENTS,
a.k.a. Independent Lifestyles, Inc.,
HALLMARK MANAGEMENT,
ETHAL JACKSON,
JANET STRICKLAND,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 30, 2015)

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Willie Smith appeals *pro se* from the district court's denial of his motion under Federal Rule of Civil Procedure 60(d)(3) seeking relief from a judgment based on alleged fraud on the court. On appeal, Mr. Smith contends that the district court judge (1) should have disqualified himself from deciding the motion due to personal bias and (2) engaged in a fraud upon the court when he dismissed Mr. Smith's underlying claim as time barred.

## I.

Mr. Smith's first argument on appeal is that the district court judge should have disqualified himself due to personal bias.[1] We review a district court judge's denial of a motion to recuse for an abuse of discretion. *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1308 (11th Cir. 2008). A judge is to recuse "himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)

---

[1] Mr. Smith also argues that the district court judge refused to consider his original motion for relief and the first amendment to the motion. The record shows, however, that the district court ruled on Mr. Smith's original motion and his subsequent amendments to the motion.

2

(internal quotation marks omitted).  The general rule is that "bias sufficient to disqualify a judge must stem from extrajudicial sources."  *Gwynn*, 532 F.3d at 1310 (internal citation marks omitted).  A judge's rulings in a case are a basis for recusal only when they "show such pervasive bias and prejudice that it constitutes bias against a party."  *Id.* at 1311.

There is no evidence of extrajudicial bias in this case.  Instead, the only acts that Mr. Smith argues warrant recusal are rulings by the district court judge with which Mr. Smith disagrees.  Because a fully informed and objective observer would not entertain a significant doubt about the district court judge's impartiality, Mr. Smith has not shown that the district court abused its discretion when it refused to recuse.

## II.

Mr. Smith further argues that the district court erred in denying his Rule 60(d)(3) motion.  He argues that the magistrate judge and the district court judge committed fraud by dismissing his underlying claims as time barred because they failed to discuss complaints he filed with the Department of Housing and Urban Development ("HUD"), which, he asserts, tolled the statute of limitations.

Under Rule 60(d)(3), a district court can "set aside a judgment for fraud on the court."  *See* Fed. R. Civ. P. 60(d)(3).  The party seeking relief under Rule 60(d)(3) must establish fraud "by clear and convincing evidence."  *Booker v.*

*Dugger*, 825 F.2d 281, 283 (11th Cir. 1987). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury or the fabrication of evidence by a party in which the attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (internal quotation marks omitted).[2] We review the denial of a Rule 60(d)(3) motion for an abuse of discretion. *See Booker*, 825 F.2d at 285.

Because there is no evidence of fraud in this case, the district court did not abuse its discretion in denying Mr. Smith's motion. Mr. Smith argues that the district and magistrate judges committed fraud by failing to consider his argument that the statute of limitations was tolled while HUD investigated his claims. However, the record shows that the court considered and rejected the tolling argument when it held that, "regardless of any excludable time," the statute of limitations had run. *See* May 23, 2012 Order at 2 (DE 22). Mr. Smith has not presented any clear and convincing evidence of fraud in this case. Instead, he improperly seeks to relitigate the merits of his equitable tolling argument through a Rule 60(d)(3) motion. Accordingly, the district court did not abuse its discretion when it denied Mr. Smith's motion.

    **AFFIRMED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.