PER CURIAM:
Attorney Bart Houston appeals the district court’s affirmance of a bankruptcy court order imposing sanctions on him. Houston formerly served as counsel for Chapter 7 bankruptcy debtor Peter Herman. The bankruptcy court sanctioned Houston for filing false statements of compensation in violation of 11 U.S.C. § 329 and Federal Rules of Bankruptcy Procedure 2014, 2016, and 2017, and for suborning false testimony in connection with Herman’s Chapter 7 proceedings. We affirm.
Herman paid Houston a total of $35,000 in his bankruptcy case. This money was wired into the trust account of Houston’s former law firm, Kopelowitz Ostrow, days before Herman filed his bankruptcy petition. On Houston’s advice, Herman represented on his statement of financial affairs (“SOFA”) that he had paid $15,000 to Ko-pelowitz Ostrow for services related to debt consolidation and preparation for bankruptcy. On his own required disclosure, Houston stated that he had agreed to be paid $20,000 for services in connection with Herman’s bankruptcy. The bankruptcy court sanctioned Houston after learning both of this discrepancy and that Houston had separately taken over $17,000 of the fees paid by Herman from the trust account for Houston’s personal use, which *582 neither Herman nor anyone at Kopelowitz Ostrow knew about.
Houston makes three arguments on appeal. He first argues that the bankruptcy court abused its discretion by sanctioning him for making false statements and suborning false testimony. He also argues that the bankruptcy court abused its discretion in imposing these sanctions under its “inherent powers” without finding that he acted in bad faith. He finally argues that the sanctions are excessive.
I.
We sit as a second court of review in a bankruptcy case and employ the same standards of review as the district court. Brown v. Gore (In re Brown), 742 F.3d 1309, 1315 (11th Cir.2014), If the district court affirms a bankruptcy court’s order as it did here, we review the bankruptcy-court’s decision. Id. We review the bankruptcy court’s factfindings for clear error and its legal conclusions de novo. Id. We review the imposition of sanctions for abuse of discretion, and we will affirm unless we find the lower court made a clear error of judgment or applied the wrong legal standard. Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1308 (11th Cir.2008) (per curiam), We may affirm on any legal ground the record supports. Id.
A.
Houston first argues that the bankruptcy court abused its discretion by sanctioning him for filing false statements of compensation. Houston maintains that his own financial disclosure accurately reflected that he was paid $20,000 for legal services in Herman’s Chapter 7 bankruptcy case. He contends that the remaining $15,000 paid to Kopelowitz Ostrow was for legal services rendered before Herman’s decision to petition for bankruptcy and was not related to the bankruptcy case.
An attorney representing a debtor in a bankruptcy case is required by the Bankruptcy Code to file “a statement of the compensation paid or agreed to be paid” for services rendered “in contemplation of or in connection with the case,” if the payment or agreement was made within one year before the date the bankruptcy petition was filed. 11 U.S.C. § 329(a). The bankruptcy court “may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].” Id. § 105(a). A bankruptcy court may impose sanctions under this § 105(a) authority if a party violates a court order or rule. Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.), 570 F.3d 1257, 1273 (11th Cir.2009). The local rules of the bankruptcy court in this case also allow the court to suspend an attorney from practice before the court, or reprimand or “otherwise discipline[ ]” the attorney “for good cause shown.” Bankr. S.D. Fla. R. 2090—2(B)(1).
The bankruptcy court did not abuse its discretion in finding that Houston filed a false statement of compensation. This finding is supported by Herman’s testimony that he regarded the $35,000 paid to Kopelowitz Ostrow as the full fee to Houston for both the pre-petition legal advice in contemplation of Herman’s bankruptcy and the representation in his bankruptcy case. The fact that Herman paid the $35,000 in legal fees as a lump-sum payment further supports the bankruptcy court’s determination that the entire payment was made “in connection” to Herman’s bankruptcy and should have been reported by Houston. Given this violation of the Bankruptcy Code, the bankruptcy court was within its power under § 105(a) and its own local rules to impose a suspension or monetary sanction.
*583 B,
Houston also argues that the bankruptcy court abused its discretion by sanctioning him for suborning false testimony from Herman. He alleges that the disclosures on Herman’s SOFA were accurate, so he did not suborn false testimony based on Herman’s SOFA filing or Herman’s later testimony that $15,000 of the $85,000 fee was allocated to legal services rendered before his bankruptcy petition with the remaining $20,000 allocated to his bankruptcy case.
Under Rule 4-3.3(a)(4) of the Rules Regulating the Florida Bar, “[a] lawyer may not offer testimony that the lawyer knows to be false.” Fla. Bar R. 43.3(a)(4). This includes testimony made by the lawyer’s client, See id. Where a lawyer knows that his client has offered false testimony, the lawyer is obligated to “take reasonable remedial measures including, if necessary, disclosure to the tribunal.” Id.
The bankruptcy court did not abuse its discretion in finding that Herman had unwittingly given false testimony, which Houston suborned. The court found that Herman’s testimony about the allocation of the legal fees was in fact false because the funds were never disbursed to Kopelowitz Ostrow for services rendered to Herman. However, Herman did not know this testimony was false — it was false only because Houston used over $17,000 of those fees for his personal use and Herman did not know of and had no reason to know of these actions. Houston knew of his own actions, yet allowed Herman to give false testimony at his bankruptcy trial and did not attempt to correct those false statements.
II.
Houston next argues that the bankruptcy court abused its discretion because it relied upon its “inherent powers” to sanction his conduct without finding that he acted in bad faith. “Federal courts, including bankruptcy courts, have the inherent power to impose sanctions on parties and lawyers.” In re Walker, 532 F.3d at 1309. A court must find bad faith to impose sanctions under its inherent powers. Id.
The bankruptcy court did not abuse its discretion in sanctioning Houston. Houston is correct that the bankruptcy court did not make an explicit finding of bad faith. The court’s order sanctioning Houston stated that the sanctions were imposed “under [its] inherent power to regulate the conduct of lawyers who appear before it,” which would require' a showing of bad faith, but the court also explicitly relied on its authority to sanction an attorney under § 105(a) for violating a court order or rule. The court spelled out the specific rules that Houston had violated, which empowered it to sanction Houston under § 105(a). See Evergreen, 570 F.3d at 1273.
III.
Houston finally argues that the sanctions imposed on him were excessive. He asserts that he should not have been responsible for the attorney’s fees incurred during the investigation of his misdeeds, because that investigation was focused on matters for which Houston was not sanctioned. He asserts that his suspension was similarly excessive because it was indefinite and did not clearly describe what type of “rehabilitation” Houston must show to have the sanction lifted.
The bankruptcy court did not abuse its discretion by requiring Houston to pay for the investigation against him. Herman’s bankruptcy proceedings raised serious questions about the accuracy of Herman’s SOFA and Houston’s financial disclosures. That the investigation uncov *584 ered that Houston’s misdeeds went beyond those for which he was sanctioned gives us no pause, to the extent that the investigation uncovered his acts of embezzlement. Neither was Houston’s suspension an abuse of discretion, because the bankruptcy court is empowered to suspend Houston from practicing before it for “good cause,” which was present here. See Bankr. S.D. Fla. R. 2090-2(B)(1).
After careful review of the record and consideration of the parties’ briefs, we affirm.
AFFIRMED.