[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13414
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03295-LMM


SHAWN D. HALL,

Plaintiff-Appellant,

versus

STATE OF GEORGIA, DEPARTMENT OF PUBLIC SAFETY,
TROOPER CHRIS HOSEY,
individually and in his official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 29, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Shawn Hall, proceeding *pro se*, appeals the district court's order dismissing his claims brought under 42 U.S.C. §§ 1983, 1985, and 1986, as well as his common law tort claims, for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.  On appeal, Hall argues that the district court judge committed "fraud on the court" and was partial, such that she should have *sua sponte* recused herself from the case.  He further argues that the district court's order contained several procedural errors.

## I.

"[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  Additionally, arguments raised for the first time on appeal, that were not presented in the district court, are deemed waived. *Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994).  However, we have identified five exceptions to the general rule that we will not consider an argument made for the first time on appeal. *Id*. at 1526-27.  These exceptions include: (1) whether the issue involves a pure question of law, and refusal to consider it would result in a miscarriage of justice; (2) whether the appellant raises an objection to an order that he had no opportunity to raise at the district court level; (3) whether the interest of substantial justice is at stake; (4) whether the proper resolution is beyond any

2

doubt; and (5) where the issue presents significant questions of general impact or of great public concern.  *Id.*

To the extent that Hall seeks to raise a claim of error, pursuant to Fed. R. Civ. P. 60(b)(3) for "fraud on the court," such a claim is waived by Hall's failure to raise this issue before the district court.  *See Narey*, 32 F.3d at 1526-27. Hall does not allege that any of the exceptions to this rule apply, and none are evident.  *See id.*  Additionally, because Hall fails to argue that the reasons for the district court's dismissal of his claims – lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted – were erroneous, any such arguments are abandoned on appeal.  *See Access Now*, 385 F.3d at 1330. Thus, the remaining issues concern the judge's recusal and the procedural defects that Hall alleges in the court's order.

## II.

Generally, we review a district court judge's refusal to recuse herself for abuse of discretion.  *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). However, when a plaintiff fails to argue for a judge's recusal before the district court, we review the failure of a district court judge to *sua sponte* recuse herself for plain error.  *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).  Thus, we will only correct an error that the plaintiff failed to raise in the district court if: (1) an error occurred; (2) the error was plain; and (3)

3

the error affected substantial rights.  *See United States v. Berger,* 375 F.3d 1223, 1227 (11th Cir. 2004) (applying the plain error standard to a claim of failure to recuse).

A judge is to recuse "h[erself] in any proceeding in which h[er] impartiality might reasonably be questioned."  28 U.S.C. § 455(a). The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).  In general, "bias sufficient to disqualify a judge must stem from extrajudicial sources" unless a "judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party."  *Thomas v. Tenneco Packaging Co., Inc*. 293 F.3d 1306, 1329 (11th Cir. 2002) (quotation omitted).  The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).

As to Hall's claim that Judge Leigh Martin May should have recused herself, since Hall failed to raise this issue before the district court, we review the district court judge's failure to recuse herself *sua sponte* for plain error only.  *See Hamm*, 708 F.2d at 651.  Hall's underlying contention appears to be that Judge May's bias is evident from her adverse ruling against him; however, such an adverse ruling is

4

insufficient to raise an issue of bias. *See Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157. Additionally, although Hall asserts that Judge May omitted and misrepresented several "material facts," his only two examples of such "misrepresentation" fail to identify any relevant mischaracterizations. Finally, Hall's contention that Judge May had various connections to State of Georgia officials and the City of Albany is insufficient to create a "significant doubt about the judge's impartiality." *See Patti*, 337 F.3d at 1321. Thus, Judge May did not plainly err in failing to *sua sponte* recuse herself from hearing Hall's case.

## III.

Hall alleges three procedural defects with the district court's order: (1) the court failed to address Count 18 of the complaint, alleging negligent training against the City of Albany, (2) the court did not specify what capacity of defendant Lance Montgerard was dismissed, and (3) a notice of certificate to withdraw as defendant Robert Pinnero's counsel was neither granted nor denied.

We may affirm a decision of the district court on any ground supported by the record. *Bircoll v. Miami-Dade Cnty*., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007). Additionally, we may affirm the district court's decision for reasons different than those stated by the district court. *Turlington v. Atlanta Gas Light Co*., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

Northern District of Georgia Local Rule 83.1E(2)(d), dealing with attorney withdrawals, allows counsel to withdraw from a civil action (except class actions) without filing a motion to withdraw, "by filing a Certificate of Consent with the court that has been signed by the client, the withdrawing attorney, and the substituting attorney, if one has been selected by the client."  N.D. Ga. Local R. 83.1E(2)(d).

Generally, government entities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).  A government entity "may be held liable under § 1983 only for acts for which the [entity] itself is actually responsible, that is acts which the [entity] has officially sanction or ordered."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988) (quotation omitted).  Thus, to establish a government entity's liability under § 1983, a plaintiff must allege that his constitutional injury was the result of either (1) an officially promulgated policy, or (2) an unofficial custom or practice.  *See Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003).  To establish liability through unofficial custom, the plaintiff must identify "a persistent and wide-spread practice" of constitutional deprivations. *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986).

6

Initially, as to Hall's claim that the district court failed to resolve his claims against Montgerard in his individual capacity, although the district court did not explicitly state that it was addressing Montgerard's individual capacity, it found that all of Hall's claims against Montgerard were without merit.  Thus, the district court clearly resolved these claims.

Additionally, as to Hall's claim that the district court failed to rule on an attorney's certificate to withdraw from the case, local rules make clear that an attorney may file a motion to withdraw, which the court must address, or in the alternative, file a certificate to withdraw with the client's consent.  *See* N.D. Ga. Local R. 83.1E(2)(d).  In this case, the counsel attempting to withdraw filed a certificate of consent to withdraw, as opposed to a motion; therefore, the district court was not required to make any ruling on the matter.

Finally, although the district court addressed the § 1983 negligent training claim against other defendants, i.e., the Georgia Department of Public Safety and Dougherty County, when discussing the § 1983 claims against the City of Albany, the court referenced only negligent supervision and negligent retention claims. Despite the district court's failure to address the negligent training claim against the City of Albany, we, nevertheless, affirm on other grounds.  *See Bircoll*, 480 F.3d at 1088 n.21; *Turlington*, 135 F.3d at 1433 n.9.  As the district court noted, Hall's § 1983 claims against the City of Albany were based on the actions of

employees, including Helen Williams, Nathan Davis, and Judge Willie Weaver, which requires a showing that Hall suffered a constitutional injury as a result of the government entity's (1) official policy or (2) unofficial custom. *See Grech,* 335 F.3d at 1329. In his complaint, Hall failed to allege any official policy or unofficial custom of the City of Albany that resulted in a constitutional deprivation. Accordingly, we affirm.

**AFFIRMED.**