[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11354
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-22537-CMA; 1"11-bkc-31773-AJC

In re: LITTLE REST TWELVE, INC.,

Debtor.

_____

EMANUEL ZELTSER,

Plaintiff-Appellant,

versus

LITTLE REST TWELVE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2016)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Emanuel Zeltser appeals a bankruptcy court's orders sanctioning him for filing a bankruptcy petition in bad faith and awarding Little Rest Twelve, Inc. the amount of legal fees incurred as a result of that petition. The district court affirmed. After careful review, we also affirm.

## I.

This appeal presents a discrete issue arising out of a group of cases that have been litigated around the world for almost a decade.[1] Little Rest once operated a restaurant in New York City. A group led by Zeltser and a group led by Patricia A. Redmond disputed who was authorized to represent Little Rest. Their dispute stemmed from a larger conflict over Little Rest's ownership.[2] The ownership issue was pending before both a New York state court and the U.S. Bankruptcy Court for the Southern District of Florida, which was presiding over a related Chapter 11 action. During the pendency of these actions, Zeltser filed for Chapter 7 bankruptcy on behalf of Little Rest in the U.S. Bankruptcy Court for the Southern District of New York. Redmond immediately moved for and was granted a transfer of the Chapter 7 action to the Florida bankruptcy court. Two weeks later, the trustee moved to dismiss the Chapter 7 action because of the pending Chapter 11 action against the same debtor. The Florida bankruptcy court dismissed the

---

[1] This opinion focuses on the sanctions issue. For a description of the global litigation, see generally In re Fisher Island Invs., Inc., 778 F.3d 1172 (11th Cir. 2015).

[2] This Court affirmed summary judgment against Zeltser in his attempt to represent Little Rest, see Fisher Island, 778 F.3d at 1195, and Redmond is representing Little Rest in this appeal.

2

Chapter 7 action but <u>sua sponte</u> reserved its jurisdiction to award sanctions against Zeltser for filing the Chapter 7 action.

After Redmond moved for sanctions, the bankruptcy court[3] found that "it is clear . . . that Mr. Zeltser acted improperly and in bad faith in filing the voluntary chapter 7 bankruptcy case for [Little Rest]."  The bankruptcy court determined that Zeltser knew of the ownership and control dispute, as he had even asked the bankruptcy court to decide that dispute in the Chapter 11 action.  This of course cast doubt on his authority to file for Chapter 7 for Little Rest.  Further, the bankruptcy court found the Chapter 7 filing "was for the improper purpose of delaying [] imminent adverse ruling[s] on ownership and control of [Little Rest]."  It emphasized that Zeltser forum shopped, orchestrating the filing of the Chapter 11 action in Florida, the filing of the Chapter 7 action in New York, and attempting to unsuccessfully remove a case.  Finally, the bankruptcy court found Mr. Zeltser "simply not believable" and gave no weight to his "<u>ex post facto</u> argument[s]" to avoid sanctions.

After an evidentiary hearing, the bankruptcy court awarded Little Rest $100,586 in attorney's fees and expenses incurred "as a result of the frivolous filing."  In that order, the bankruptcy court noted that this action is part of "one of the most complex and difficult cases pending in the Southern District of Florida,"

---

[3] For the remainder of this opinion we will refer to the U.S. Bankruptcy Court for the Southern District of Florida as "the bankruptcy court."

awarding sanctions "in the context of the forum shopping litigation spawned by Mr. Zeltser" and the "jurisdictional morass" he created.  It added that "the complexity of these matters[] require[ed] numerous hours of research, drafting, and preparation."  To arrive at the $100,586 amount, the bankruptcy court applied a twenty-percent reduction volunteered by Little Rest to account for any duplication even though the bankruptcy court "specifically [found] Mr. Zeltser responsible for" those funds as well.

## II.

"Federal courts, including bankruptcy courts, have the inherent power to impose sanctions on parties and lawyers."  In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008) (per curiam).  "To impose sanctions under these inherent powers, the court first must find bad faith."  Id.  We review an award of sanctions for abuse of discretion and a finding of bad faith for clear error.  In re Porto, 645 F.3d 1294, 1303–04 (11th Cir. 2011).

Zeltser argues for the first time in this case that the bankruptcy court was required to support its finding of bad faith by clear and convincing evidence. However, he cites no binding precedent for that proposition.  We have held "[a] finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument," or where an attorney delays or disrupts litigation.  Walker 532 F.3d at 1309 (quotation omitted).  But "a court must do more than conclude

4

that a party acted in bad faith; it should make specific findings as to the party's conduct that warrants sanctions." Porto, 645 F.3d at 1304 (quotation omitted). As detailed above, the bankruptcy court marshalled specific evidence to support its finding of bad faith. It supported its finding with evidence of Zeltser's delay, forum shopping, and knowledge that his authority to file actions for Little Rest was in question. Thus, the bankruptcy court did not abuse its discretion in finding bad faith. Zeltser's remaining arguments attack the bankruptcy court's factual findings. We discern no clear error in those findings.

Zeltser also attacks the monetary award as "grossly excessive." "We review for abuse of discretion the [trial] court's imposition of sanctions in a certain amount." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1336 (11th Cir. 2002) (per curiam). "A [trial] court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Id. (quotation omitted).

Zeltser attempts to dispute line items on the billing records produced by Little Rest's counsel as duplicative, unreasonable, and excessive. The bankruptcy court held the "numerous hours of research, drafting, and preparation" were a result of "the jurisdictional morass created by Mr. Zeltser." It also granted a twenty-percent reduction in fees that it did not believe Zeltser deserved. The

district court added that Zeltser was warned supplemental briefing could increase the fee award against him.  Again, there are no clear errors in these findings.

**AFFIRMED.**