[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10717

Non-Argument Calendar

_____

JAMES M. CUYLER,

Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,
BAY PINES VA HEALTH CARE SYSTEMS,
PAUL RUSSO,
Director,
ELAMIN M. ELAMIN,
Chief of Staff,
VIVIAN FASULA,
Chief of Surgery, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00263-WFJ-AEP

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

James Cuyler, proceeding pro se, sued employees of the Department of Veterans Affairs and the EEOC—as well as the Bay Pines VA Health Care System—alleging constitutional violations, conspiracy, and disparate treatment related to his complaints of disability discrimination and retaliation pending before the EEOC. The district court dismissed his complaint, without prejudice, for failure to state a claim. Rather than filing an amended complaint, Cuyler moved for reconsideration, and he moved to disqualify the district judge. The district court denied his motions. After Cuyler moved again for reconsideration, and to disqualify the district judge, the district court again denied his motions.

On appeal, Cuyler challenges three of the district court's orders. He challenges the district court's November 9, 2022 order dismissing his complaint for failure to state a claim. He also challenges the district court's January 3 and October 30, 2023 orders denying his disqualification motions. We lack jurisdiction to review Cuyler's appeal of the November 9, 2022 order, and his two recusal claims fail. Accordingly, we affirm the district court's

23-10717                Opinion of the Court                3

January 3 and October 30, 2023 orders denying Cuyler's motions to disqualify the district judge.[1]

As an initial matter, this Court lacks jurisdiction to consider the first four arguments in Cuyler's brief. These arguments challenge the district court's November 9, 2022 dismissal order. As this Court previously ruled, however, Cuyler's notice of appeal was not timely as to the November 9 order, so we lack jurisdiction to review it. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (noting that, in a civil case, the statutory time limit for filing a notice of appeal is a jurisdictional requirement).

We do have jurisdiction to consider Cuyler's two remaining arguments. These arguments challenge the district court's January 3 and October 30, 2023 orders denying Cuyler's disqualification motions. Cuyler argues that, by refusing to recuse himself, the district judge abused his discretion. To support his claim, Cuyler makes three arguments, none of which are availing.

*First*, he argues that the district court "bec[a]m[e] an [a]dvocate for [the] defendants" and violated the party-presentation principle by ruling on his motions before the defendants responded. *See* Br. of Appellant at 22–25. Although "it is inappropriate for a court

---

[1] We review a judge's refusal to recuse himself for abuse of discretion. *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988). Under abuse-of-discretion review, we must leave undisturbed a district court's ruling unless we find that "the district court has made a clear error of judgment, or has applied the wrong legal standard." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citation and quotation marks omitted).

to raise an issue *sua sponte* in most situations," *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022), here, the district court addressed only issues that had been raised by the parties. The court dismissed the case pursuant to the defendants' motion to dismiss, , and it ruled on post-judgment motions that Cuyler had filed. It did not raise issues sua sponte.

*Second*, Cuyler points to the district court's adverse rulings against him as evidence of the court's personal bias. But adverse rulings are rarely grounds for recusal. *See In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) ("Adverse rulings are grounds for appeal but rarely are grounds for recusal."); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (stating that "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature" (citation and quotation marks omitted)); *Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004) (noting that adverse rulings "almost never" constitute valid grounds for recusal (citation and quotation marks omitted)). Cuyler offers no justification why the district court's adverse rulings would constitute valid grounds for recusal here.

*Third*, he asserts that the district judge had a "personal interest" in the case due to a "personal working relationship" with the defendants. Br. of Appellant at 25. But he offers no evidence to ground this assertion. Without more, Cuyler's assertion is insufficient to require a recusal. *See Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (concluding that the party requesting recusal "must allege facts that would convince a reasonable person that bias

actually exists"); *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (determining that "a judge . . . should not recuse himself on unsupported, irrational, or highly tenuous speculation" (citation and quotation marks omitted)).

★ ★ ★

We lack jurisdiction to consider Cuyler's first four arguments, and his two recusal arguments fail on the merits. Accordingly, we **AFFIRM** the district court's January 3 and October 30, 2023 orders denying Cuyler's motions to disqualify the district judge.

**AFFIRMED.**