[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12835

Non-Argument Calendar

_____

SHERRI JEFFERSON,

                                                            Plaintiff-Appellant,

*versus*

STATE BAR OF GEORGIA,

SHARON L. BRYANT,
in her official capacity,

CHIEF OPERATING OFFICER, STATE BAR OF GEORGIA,

WILLIAM COBB,
in his official capacity as Bar Counsel,

PATRICK LONGAN,
in his official capacity as review panel
chairman, et al.,

2                    Opinion of the Court                    22-12835

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-01883-TCB

———————————

Before JORDAN, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Sherri Jefferson is a former member of the State Bar of Georgia who was disbarred by the Georgia Supreme Court on October 7, 2019. *See In re Jefferson*, 834 S.E.2d 73 (Ga. 2019). Jefferson, proceeding pro se, sued the State Bar of Georgia and certain officials (collectively, "State Bar") alleging, *inter alia*, that they acted improperly when they disciplined and ultimately disbarred her (and other African American lawyers).

The district court denied Jefferson's motion to recuse, granted the State Bar's motion to stay discovery pending resolution of its motion to dismiss, and later granted the State Bar's motion to dismiss. Jefferson appeals these three rulings. After careful review, we affirm the district court's denial of the recusal motion, its staying of the discovery, and its dismissal of Jefferson's claims.

## I.    MOTION TO RECUSE

On appeal, Jefferson challenges the district court's denial of Jefferson's motion to recuse. We review a denial of a motion for recusal for abuse of discretion. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008).

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b). "[T]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (quotation marks omitted). "The exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Id.* (quotation marks omitted).

Here, Jefferson moved to recuse the district court judge because he previously had presided over two of her cases.[1] The district court did not abuse its discretion in denying Jefferson's

---

[1] In *Jefferson v. Deal*, Case No. 1:15-cv-02069-TCB (N.D. Ga. June 9, 2015), Jefferson challenged the constitutionality of several Georgia criminal statutes without success. In *Doe v. Deal*, Case No. 1:15-cv-02226-TCB (N.D. Ga. June 19, 2015), Jefferson initially listed herself as the attorney representing "Jane Doe" but later sought to be the plaintiff, and she again challenged the constitutionality of certain Georgia statutes without success.

motion to recuse for three reasons.  First, the alleged bias raised by Jefferson pertained to the district court judge's capacity as a judge and was not extrajudicial in nature.  28 U.S.C. § 455(b); *Thomas*, 293 F.3d at 1329.  Second, there was no evidence of remarks suggesting, much less constituting, bias.  Third, Jefferson provided no other reason to suggest the district court judge's impartiality could reasonably be questioned.  28 U.S.C. § 455(a).

## II.    STAY OF DISCOVERY

On appeal, Jefferson also challenges the district court's staying of discovery pending the resolution of the State Bar's motion to dismiss.  We review matters pertaining to discovery under an abuse of discretion standard.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

District courts have "broad discretion to stay discovery pending a decision on a dispositive motion."  *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").  As outlined later, the State Bar's motion to dismiss raised numerous legal reasons why Jefferson's case must be dismissed.  Jefferson has shown no abuse of discretion in the district court's staying discovery pending a ruling on the State Bar's motion to dismiss.

### III.    MOTION TO DISMISS

The district court granted the State Bar's motion to dismiss on many grounds including: (1) the *Rooker-Feldman* doctrine; (2) a lack of subject matter jurisdiction; (3) the statute of limitations; (4) judicial, prosecutorial, and qualified immunity; (5) collateral estoppel; and (6) failure to state a claim.

On appeal, Jefferson challenges both a procedural aspect and the substantive merits of the district court's order on the State Bar's motion to dismiss.    We begin with Jefferson's procedural argument.

### A.    Procedural

In its order granting the State Bar's motion to dismiss, the district court noted—in a footnote—Jefferson's prior actions regarding her disbarment ruled on by the United States Supreme Court and the Georgia Supreme Court:

> Jefferson petitioned the Supreme Court of the United States for a writ of certiorari, which was denied on February 24, 2020. *Jefferson v. Sup. Ct. of Ga.*, 140 S. Ct. 1148 (mem.), *reh'g denied*, 140 S. Ct. 2637 (2020) (mem.).  She has since filed two unsuccessful actions with the Georgia Supreme Court seeking the reinstatement of her law license. *See In re Jefferson*, No. S22O0785 (Ga. Apr. 19, 2022); *In re Jefferson*, No. S22Y0949 (Ga. June 1, 2022).

Jefferson argues the district court erred by considering cases outside the instant litigation without converting the motion to dismiss into a motion for summary judgment. We disagree.

Generally, a district court must convert a motion to dismiss into one for summary judgment if it considers materials outside the complaint. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). But there are exceptions to this general rule. For example, a district court may consider matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007).

As relevant here, a district court may take judicial notice of another lawsuit to establish the fact of such lawsuit and related filings, but not for the truth of the matters asserted in the other lawsuit. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."). Here, by referring to cases outside the instant litigation, the district court merely noted the existence of those cases and whether they were successful. The district court did not reference those cases for the truth of the matters asserted in those cases. We thus conclude the district court did not err in this respect.

## B.    Merits of Motion to Dismiss

Jefferson also challenges each substantive ground given by the district court for granting the State Bar's motion to dismiss.

22-12835                Opinion of the Court                7

We begin with the *Rooker-Feldman* doctrine, which bars federal district courts from reviewing state-court decisions.[2] *Behr v. Campbell*, 8 F.4th 1206, 1208 (11th Cir. 2021). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).

On appeal, Jefferson does not appear to dispute that she qualified as a "state-court loser" and her October 2019 disbarment was "rendered before the district court proceedings commenced" in May 2022 in the instant case. *Id.* Rather, Jefferson claims she was not seeking to overturn the state court judgment. So the question is whether or not her instant claims are "inviting district court review and rejection of [the state court] judgment[]." *Id.*

A careful review of Jefferson's amended complaint in this case shows that she is seeking review and rejection of the state

---

[2] This doctrine is named after two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). In *Rooker*, the Supreme Court held that the plaintiffs, who had lost in state court, could not ask the federal district court to declare the state court judgment "null and void." 263 U.S. at 414–15, 44 S. Ct. at 149–50. Similarly, in *Feldman*, the Supreme Court said that lower federal courts lacked jurisdiction to review a decision by the District of Columbia's highest court denying a waiver of a bar admission rule that requires applicants to the District of Columbia Bar to have graduated from an approved law school. 460 U.S. at 482, 103 S. Ct. at 1315.

court judgment that disbarred her. Jefferson's amended complaint asked the district court to enjoin the State Bar from "[f]ailing or refusing to take such steps as may be necessary to restore . . . the victims of Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct." Jefferson thus essentially asked the district court to overturn the state court judgment and reinstate her law license.[3] *See Feldman*, 460 U.S. at 482 n.16, 103 S. Ct. at 1315 n.16 ("Orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." (quotation marks omitted)).

Further, by claiming that during her disciplinary proceedings the State Bar treated her unlike other similarly situated individuals, Jefferson essentially asked the district court to reject the state court judgment on the basis that it was rendered incorrectly. That is akin to requesting a declaration that the state

---

[3] Jefferson attempts to distinguish "restore" from "reinstate" by arguing that restore means "to reestablish," while reinstate means "to put somebody to a former position or rank." We are unpersuaded. There is little daylight between restore and reinstate. *Compare Restore*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/restore (last visited Jan. 9, 2023) (defining restore as "to bring back to or put back into a former or original state"), *with Reinstate*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/reinstate (last visited Jan. 9, 2023) (defining reinstate as "to place again . . . in a former position" or "to restore to a previous effective state").

court judgment was arbitrary and capricious, which this Court recently held is barred by the *Rooker-Feldman* doctrine. *See Behr*, 8 F.4th at 1211. We thus affirm the district court's dismissal of Jefferson's claims under the *Rooker-Feldman* doctrine.

Because we affirm for this substantive reason, we need not, and do not, address whether the other, alternate grounds relied on by the district court for dismissal—lack of subject matter jurisdiction; statute of limitations; judicial, prosecutorial, and qualified immunity; collateral estoppel; and failure to state a claim—were likewise correct.

**AFFIRMED.**