**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-14033

Non-Argument Calendar

————————————

NIKITA LYNETTE BARNES,

*Plaintiff-Appellant,*

*versus*

GUILD MORTGAGE COMPANY LLC,

DESIREE (AMBER) KRAMER,

MCCALLA RAYMER LEIBERT PIERCE, LLC,

LINDA T. WALKER,

VICTORIA CALVERT, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05065-SDG

————————————

Before ROSENBAUM, JILL PRYOR, and ABUDU, Circuit Judges.

PER CURIAM:

Nikita Barnes, proceeding *pro se*, filed this lawsuit against her mortgage lender, one of its executives, and the law firm that represented the lender in foreclosure proceedings. While the action was pending, she added as defendants the district court judge and magistrate judge who had been presiding over the case. After the case was reassigned to a new district court judge and magistrate judge, the district court dismissed Barnes's third amended complaint, concluding, among other things, that it was a shotgun pleading. The district court dismissed all of Barnes's claims with prejudice.

On appeal, Barnes challenges several of the district court's earlier orders in the case as well as the dismissal of the action. After careful consideration, we conclude that the district court did not abuse its discretion in any of the earlier orders or in dismissing the third amended complaint as a shotgun pleading. But we disagree with the district court's dismissal *with prejudice* of Barnes's claims against the two judges who were never served with process and never appeared in this action. We conclude that the court could not dismiss Barnes's claims against them with prejudice.

We thus affirm the district court's dismissal with prejudice of Barnes's claims against defendants Guild Mortgage Company LLC; Desiree Kramer; and McCalla Raymer Leibert Pierce, LLC. But we vacate the dismissal with prejudice as to defendants Judge Victoria Calvert and Judge Linda Walker. As to these defendants only, we remand with instructions that the district court reenter its judgment as a dismissal without prejudice.

**I.**

In June 2017, Barnes borrowed more than $230,000 from Guild. She signed a promissory note, which was secured by a security deed on her home in Douglasville, Georgia. Barnes fell behind on her mortgage payments, and Guild sought to foreclose on the property.

In November 2023, with foreclosure looming, Barnes filed this lawsuit in federal court in the Northern District of Georgia, bringing claims against Guild and Kramer, its chief financial officer. In her initial complaint, Barnes purported to bring federal claims for violations of the "Truth and lending act, Consumer Rights, Federal reserve act, and Negotiable Instrument." Doc. 4 at 3.[1] As damages, she sought "1% of all company assets" and "$5000 a day for every day that this matter was not handle[d] properly." *Id.* at 5. Barnes's lawsuit initially was assigned to Judge Calvert, a district court judge, and Judge Walker, a magistrate judge.

Because Barnes sought permission to proceed *in forma pauperis*, the magistrate judge reviewed the complaint to determine whether the action was frivolous or malicious, failed to state a claim for relief, or sought monetary relief against a defendant who was immune. *See* 28 U.S.C. § 1915(e)(2). The magistrate judge determined that Barnes's complaint, "as pled, [was] woefully deficient." Doc. 2 at 4. Although it appeared that Barnes intended to assert a claim under the Truth in Lending Act (TILA), the

---

[1] "Doc." numbers refer to the district court's docket entries.

complaint failed to identify "what provision of TILA was supposedly violated." *Id.* at 5. The magistrate judge noted that TILA "contain[ed] dozens of sections and hundreds of pages of implementing regulations" and stated that the court could not "be expected to guess what provision [d]efendants allegedly violated." *Id.* at 4. The magistrate judge determined that Barnes's other claims were "even more vague," explaining that "Consumer Rights," the "Federal reserve act," and "Negotiable Instrument" were not "plausible cause[s] of action." *Id.* at 5.

Although the complaint was deficient, the magistrate judge recommended that the district court allow Barnes to file an amended complaint and set a deadline for her to do so. The magistrate judge warned that the amended complaint would need to "clearly specify which specific statutory provisions [d]efendants allegedly violated" and include "factual allegations sufficient to support each claim." *Id.*

Barnes filed a first amended complaint, again asserting claims against Guild and Kramer.[2] She alleged that Guild and Kramer's actions "constitute[d] a breach of contract as outlined in the security deed" and "a wrongful foreclosure." Doc. 6 at 3. She also claimed that they violated TILA, the Real Estate Settlement Procedures Act (RESPA), and the Uniform Commercial Code (UCC).

---

[2] Along with her first amended complaint, Barnes objected to the magistrate judge's recommendation. The district court generally adopted the magistrate judge's recommendation but determined that it need not set a deadline for Barnes to file an amended complaint because one had already been filed.

Shortly after filing the first amended complaint, Barnes moved for a temporary restraining order, seeking to stop Guild from proceeding with the foreclosure sale. The district court denied this motion, concluding that Barnes had not demonstrated that a temporary restraining order was justified.

The day after the court denied the motion for a temporary restraining order, Barnes filed a Chapter 13 bankruptcy petition, which she admits she filed for the purpose of delaying the foreclosure proceedings. Less than two months after filing the bankruptcy petition, she voluntarily dismissed the bankruptcy case.

In the district court, Guild and Kramer moved to dismiss Barnes's first amended complaint, arguing that it failed to state a claim and was a shotgun pleading. They asserted that the "few alleged facts" in the pleading did "not sufficiently provide [them] with a reasonable basis for understanding what alleged facts form the basis for the claims asserted." Doc. 17-1 at 7. Barnes opposed the motion. In her response, she purported to add claims for breach of "an implied Duty of Good Faith and Fair Dealing" and violation of the "Unfair and Deceptive Trade Practices Act." Doc. 21-1 at 4.

While the motion to dismiss was pending, Barnes filed several motions in the district court. She filed a motion to take discovery and another seeking the recusals of Judge Calvert and Judge Walker. She also purported to file, without leave of court, a second amended complaint in which she asserted claims against Guild and Kramer for breach of contract and for violations of TILA, RESPA, and the UCC.

In another attempt to stave off foreclosure, Barnes filed a new lawsuit in Georgia state court against Guild and McCalla, the law firm that represented Guild in the foreclosure proceedings. In the second lawsuit, she sought a declaration that she had "clear and unencumbered title to the property notwithstanding" the foreclosure action. Doc. 42-2 at 7. She also purported to bring claims under RESPA, the Fair Debt Collection Practices Act, and Georgia statutes. In April 2024, shortly after Barnes filed the second lawsuit, the property was sold at a foreclosure sale. Before McCalla was served or appeared in the state court action, Guild removed the action to federal court and then moved to consolidate Barnes's two lawsuits.

In August 2024, the magistrate judge issued an order and report and recommendation resolving the outstanding motions. She denied Barnes's motion seeking to take discovery, explaining that the discovery period had not yet begun. She also recommended that the district court grant Guild's motion to consolidate because Barnes's two cases involved common questions of fact and consolidation would further the "interests of judicial economy" and "eliminate unnecessary repetition and confusion." Doc. 48 at 13 (citation modified). The magistrate judge also recommended that the district court deny the motion for recusal, concluding that Barnes had not shown any valid ground for recusal.

The magistrate judge then addressed Guild's motion to dismiss the first amended complaint. She concluded that the first amended complaint failed to state a claim for relief. The magistrate judge also considered the additional claims that Barnes purported

to raise in her response to the motion to dismiss and the second amended complaint. After considering these filings, the magistrate judge concluded that Barnes still had failed to state a claim for relief.

Although Barnes failed to state a claim for relief, the magistrate judge recommended that the district court deny Guild and Kramer's motion to dismiss as moot. She concluded that Barnes should have an opportunity to file a third amended complaint because the court had recently consolidated her two lawsuits and because it "appear[ed] the factual circumstances of this case have changed" after the foreclosure sale. Doc. 48 at 27.

The magistrate judge warned Barnes that if she filed a third amended complaint, she would need to comply with the Federal Rules of Civil Procedure and set forth each claim in a separate count. In addition, the magistrate judge reminded Barnes that she needed to set forth "factual allegations sufficient to support each claim" and that it was insufficient to simply assert that the defendants had breached the parties' contract or violated a statute. *Id.* at 28 (citation modified).

Barnes objected. The district court adopted the magistrate judge's recommendation, granted the motion to consolidate, denied the motion for recusal, denied the motion to dismiss as moot, and ordered Barnes to file a third amended complaint.

Barnes filed a third amended complaint in which she asserted claims against Guild, Kramer, McCalla, Judge Calvert, and Judge Walker. She alleged that she had "tendered an instrument

to . . . Kramer as a tender of payment to set off the mortgage debt, which was supported by a 1099-A filing from the IRS," but Kramer "failed to apply [the instrument] to the account." Doc. 54 at 3. Barnes also alleged that she formally "revok[ed] any power of attorney previously granted" to Guild but that it continued to act "despite this revocation," which "raise[d] issues under O.C.G.A. § 10-6-52." *Id.* She also alleged that in December 2023, she had "transferred the property into a private trust" and, "[d]espite this, foreclosure proceedings persisted." *Id.* at 3–4. She further alleged that in January 2024, Guild failed to attend the creditor's meeting in her bankruptcy case.

Barnes alleged that the "[d]efendants acted in concert to unlawfully foreclose on" her property; deprived her of "constitutional rights, life, liberty, and property without due process of law"; and "violat[ed] various statutory and common law protections." Doc. 54 at 2. She asserted that Judge Calvert and Judge Walker acted with "clear bias" when they issued orders in the case. *Id.* at 5.

In the third amended complaint, Barnes purported to bring the following claims: in Count One, a wrongful foreclosure claim under Georgia law against Guild, Kramer, and McCalla; in Count Two, a TILA claim against Guild; in Count Three, a RESPA claim against Guild; and in Count Four, claims for judicial misconduct and constitutional violations against Judge Calvert and Judge Walker. She demanded compensatory damages, injunctive relief, declaratory relief, and punitive damages. Shortly after Barnes filed the third amended complaint, Judge Calvert and Judge Walker

recused themselves, and the case was assigned to a new district court judge and magistrate judge.

Guild and Kramer moved to dismiss the third amended complaint, arguing that it was a shotgun pleading and failed to state a claim for relief. McCalla also filed a motion to dismiss. In the portion of its motion setting forth the procedural history of the case, McCalla stated that it had never been served with process. But McCalla did not seek dismissal based on lack of service of process; instead, it argued only that Barnes failed to state a claim for relief and the third amended complaint should be dismissed with prejudice. On the same day that it filed a motion to dismiss, McCalla filed an answer.

Barnes filed a motion to strike McCalla's answer and a motion for default judgment.[3] She argued that McCalla's motion to dismiss and answer were untimely because it filed them more than 21 days after she had filed the third amended complaint. Given the lack of a timely response, she asserted that she was entitled to default judgment. She requested that the court enter judgment in her favor, "overturn [the] foreclosure proceedings," and award her compensatory and punitive damages. Doc. 68 at 3.

A magistrate judge issued a report and recommendation. She recommended that the district court deny Barnes's motion to

---

[3] Barnes also filed several other motions in the district court, including motions seeking a temporary restraining order and to take discovery from Guild. These motions were denied.

strike McCalla's answer and her motion for default judgment. The magistrate judge explained that McCalla's response to the third amended complaint was not untimely because its obligation to respond did "not arise until [it was] properly served with that pleading" and there was no indication that McCalla had ever been properly served in the case. Doc. 74 at 9. But even if McCalla had failed to timely respond to the third amended complaint, the magistrate judge continued, Barnes was not entitled to a default judgment. The magistrate judge explained that Barnes was not entitled to a default judgment because she had not first obtained a clerk's entry of default, as required under the Federal Rules of Civil Procedure, and because the third amended complaint failed to state a claim for relief.

The magistrate judge also recommended that the district court grant the motions to dismiss the third amended complaint. The magistrate judge concluded that the third amended complaint was a "shotgun pleading" that "contain[ed] few factual allegations" and instead was "replete with conclusory allegations, legal conclusions, and legal arguments, making it difficult to determine the facts supporting Barnes's claims." *Id.* at 15. The magistrate judge determined that the third amended complaint failed to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (citation modified).

The magistrate judge also ruled, in the alternative, that the third amended complaint failed to state a claim for relief. For the wrongful foreclosure claim in Count One, Barnes had alleged only

that a foreclosure sale occurred but "include[d] no facts supporting any of the other elements of a wrongful foreclosure claim." *Id.* at 17. The magistrate judge also determined that Counts Two and Three failed to state a claim under TILA and RESPA, respectively.

Even though Judge Calvert and Judge Walker had not appeared in the action and no motion to dismiss had been filed as to Count Four,[4] the magistrate judge also concluded that Barnes failed to state a claim in this count because she pleaded no facts to support it. In the alternative, the magistrate judge concluded that the claims in Count Four should be dismissed because Judge Calvert and Judge Walker enjoyed absolute judicial immunity.

The magistrate judge recommended that the court dismiss the third amended complaint with prejudice. Because Barnes already had several opportunities to amend her complaint, the magistrate judge stated that the court need not give her "leave to file a fourth amended complaint . . . before dismissing her claims with prejudice." *Id.* at 26.

Barnes objected. The district court overruled the objections, adopted the magistrate judge's recommendations, denied Barnes's motions to strike and for default judgment, granted the motions to dismiss, and dismissed the action with prejudice. This is Barnes's appeal.

---

[4] There is no indication in the record that Barnes ever served Judge Calvert or Judge Walker.

## II.

All issues in this appeal are governed by the abuse of discretion standard. *See Rodriguez v. Burnside*, 38 F.4th 1324, 1335 (11th Cir. 2022) (reviewing denial of request for discovery for abuse of discretion); *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (reviewing decision to consolidate cases for abuse of discretion); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (reviewing dismissal of complaint as shotgun pleading for abuse of discretion); *Gwynn v. Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008) (reviewing denial of recusal motion for abuse of discretion); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (reviewing denial of motion for default judgment for abuse of discretion). "The abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024) (citation modified). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id.* (citation modified).

We liberally construe a *pro se* litigant's pleadings, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). We construe briefs filed by *pro se* litigants liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Despite this liberal construction, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Id.*

### III.

On appeal, Barnes raises a number of issues. She challenges several non-final orders as well as the order dismissing her third amended complaint with prejudice. We address Barnes's challenges to the non-final orders and then turn to her challenge to the district court's dismissal.

### A.

On appeal, Barnes challenges the non-final orders consolidating her two lawsuits, denying a default judgment, refusing to order discovery, and denying her request for recusal. We conclude that the district court did not abuse its discretion in entering these orders.

We begin with Barnes's challenge to the order consolidating her two lawsuits. The Federal Rules of Civil Procedure permit a district court to consolidate two pending actions when they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citation modified). We have urged district courts to "make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1169 (citation modified). Given the overlapping issues in Barnes's two lawsuits, we cannot say that the district court abused its discretion when it consolidated them.

Barnes next challenges the district court's decision to deny her motion for a default judgment. The district court gave three

alternative reasons for denying this motion: (1) McCalla's response to the third amended complaint was not untimely because it had never been served with process in the case, (2) Barnes had not obtained a clerk's entry of default, and (3) the third amended complaint failed to state a claim for relief. On appeal, Barnes raises no challenge to the district court's second ground for denying the motion for default judgment: that she had not obtained a clerk's entry of default. Because the district court denied the motion for a default judgment on multiple grounds and Barnes failed to challenge one of those grounds, she "is deemed to have abandoned any challenge of that ground, and it follows that the [denial of the motion] is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Barnes also argues that the district court erred in denying her motions seeking discovery. A district court has authority to "manag[e] the discovery process." *Rodriguez*, 38 F.4th at 1335. And we have explained that in general, a court should resolve any motion to dismiss for failure to state a claim before discovery begins. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). We thus cannot say that the district court abused its discretion when it refused to allow Barnes to take discovery while the case remained at the pleadings stage.

Although Judge Calvert and Judge Walker recused themselves from this case after Barnes added them as defendants, she argues on appeal that they erred in denying her earlier requests for their recusal. Generally, a judge must recuse if she has "personal

bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). But merely ruling against a litigant in a case is not sufficient to warrant dismissal. *See Ginsberg v. Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."). We conclude that Judge Calvert and Judge Walker did not abuse their discretion when they denied Barnes's initial requests for their recusal, which were based on their adverse rulings.

## B.

We now turn to Barnes's challenge to the district court's order dismissing her third amended complaint. We conclude that the district court did not abuse its discretion in dismissing on shotgun pleading grounds.

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). An adequate complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In addition, the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive

pleading" and so that "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation modified).

Complaints that violate these rules are often referred to as "shotgun pleadings." *Id.* A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citation modified). Shotgun pleadings include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fail to separate into a separate count each cause of action or claim for relief; or (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

A district court has inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro*, 878 F.3d at 1295. When a plaintiff files a shotgun pleading, a district court must "give him one chance to replead." *Id.* at 1296. So that the plaintiff can correct the deficiencies, the court "should explain how the offending

24-14033                Opinion of the Court                17

pleading violates the shotgun pleading rule." *Id.* If the new complaint is also a shotgun pleading, the district court may then dismiss the action with prejudice. *Id.*; *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that although dismissal with prejudice is a drastic remedy, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Here, the district court did not abuse its discretion in dismissing the third amended complaint as a shotgun pleading. The third amended complaint was a shotgun pleading because it was replete with conclusory allegations not obviously connected to any particular cause of action, making it difficult to determine the facts supporting Barnes's claims. *See Weiland*, 792 F.3d at 1322. In addition, the third amended complaint failed to separate into a separate count each cause of action or claim for relief. For example, Count Four against Judge Walker and Judge Calvert purported to raise in a single count multiple claims against them for judicial misconduct and for violations of Barnes's constitutional rights. On top of that, the district court had already given Barnes multiple opportunities to fix the deficiencies and replead before dismissing the action. *See Vibe Micro*, 878 F.3d at 1296.

Before closing, we pause to address whether it was appropriate for the district court to dismiss *with prejudice* Barnes's claims against Judge Calvert and Judge Walker. We note that Barnes never served the two judicial defendants, and they never appeared in the action. We conclude that the district court erred in

dismissing the claims against them with prejudice. As we have previously explained, "[s]ervice of process is a jurisdictional requirement." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Id.* When a court lacks jurisdiction, it cannot pass judgment on the merits. And a "dismissal of a complaint with prejudice" counts as "final judgment on the merits." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).

A defendant may waive an objection to the exercise of jurisdiction based on lack of service of process. Federal Rule of Civil Procedure 12 directs that this defense is waived when a party fails to raise it in a motion to dismiss filed under Rule 12 or include it in a responsive pleading. *See* Fed. R. Civ. P. 12(g)(2), (h). Consistent with Rule 12, we have recognized that "[o]bjections to service of process . . . like any other objection to jurisdiction over the person, can be waived by the party over whom jurisdiction is sought." *Pardazi*, 896 F.2d at 1317. Here, Judge Calvert and Judge Walker never waived the issue of lack of service of process. Indeed, they never appeared in the case, much less filed a responsive pleading or a Rule 12 motion.[5] We thus conclude that the district court erred

---

[5] It also appears that Barnes did not serve McCalla. Even assuming she failed to serve McCalla, it waived any defense based on lack service. McCalla appeared in the action and filed a motion to dismiss and an answer. In the motion to dismiss, it mentioned in one sentence that it had not properly been served. But it sought dismissal on one ground only: that the third amended complaint failed to state a claim against it. Because McCalla failed to adequately raise the

in dismissing the claims against Judge Calvert and Judge Walker with prejudice. As to these two defendants, we vacate and remand with instructions for the district court to dismiss the claims against them without prejudice.

## IV.

For the above reasons, we AFFIRM the district court's dismissal with prejudice as to Guild, Kramer, and McCalla. We VACATE the dismissal with prejudice as to Judge Calvert and Judge Walker. As to these two defendants only, we REMAND to the district court with instructions to reenter judgment dismissing without prejudice.[6]

**AFFIRMED in part, VACATED and REMANDED in part WITH INSTRUCTIONS.**

---

issue of lack of service of process in its motion to dismiss, it waived this defense. *See* Fed. R. Civ. P. 12(g)(2), (h); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). Given McCalla's waiver of any objection based on lack of service, the district court did not err in dismissing the claims against McCalla with prejudice.

[6] We DENY Barnes's motion to dismiss the appeal and declare the district court's judgment void.